## Brenner, Appellant, *v.* Carter.

| 203 | 75 |
| 206 | ¹217, |
| 203 | 75 |
| 212 | ²597 |

*Partnership—Interest on overdrafts.*

In the settlement of partnership accounts the allowance or refusal of interest depends upon the circumstances of each particular case. Thus, on a bill for a partnership accounting, the defendant will not be charged with interest on overdrafts, where there is no evidence as to an agreement for such interest, and where it appears that the plaintiff, who was the liquidating partner and acquainted with the accounts, never made a demand on the defendant for contribution until he filed the bill, nearly six years after the dissolution of the partnership.

Where, after the dissolution of a partnership, the partner who is entitled to all of the assets sells the whole business to another firm, and allows a portion of the purchase money to remain in the firm as his contribution as a special partner, his copartners in the original partnership in a subsequent accounting are not entitled to have charged against him, and in their favor, a portion of the interest on the balance of the purchase money which had been allowed to remain in the new partnership,

Argued March 24, 1902. Appeal, No. 370, Jan. T., 1901, by plaintiff, from decree of C. P. No. 2, Phila. Co., Dec. T., 1889, No. 308, on bill in equity in case of John C. Brenner v. James B. Carter and J. Harry Brenner. Before McCollum, C. J., Dean, Fell, Brown and Mestrezat, JJ. Reversed.

Bill in equity for an accounting of partnership assets.

The facts of the case are stated in the opinion of the Supreme Court.

The case was tried before Sulzberger, J., who entered the following decree:

And now, to wit: November 1, 1901, this cause having come on to be heard on bill, answer, replication and proofs, and upon consideration thereof it is ordered, adjudged and decreed as follows:

On January 1, 1884, and at the time of his death, the defendant, James B. Carter, was indebted to the plaintiff, John C. Brenner, in the sum of $1,777.76 upon the partnership transactions between the parties. The said amount, with interest, from August 1, 1901, is still due, owing and payable by the estate of the said defendant to the plaintiff, and judgment for $1,804.43, the amount of said debt and interest, is

hereby entered against George Junkin, executor of and trustee under the will of James B. Carter, deceased. The costs of this proceeding shall be borne in equal shares by the plaintiff and defendant.

*Error assigned* was the decree of the court.

*W. Nelson L. West* and *Ellis Ames Ballard,* with them *Rufus E. Shapley,* for appellant.—During the partnership all the partners have the benefit of the capital to make profits, while upon dissolution this benefit ceases. If, therefore, the fund is treated as firm money and its earnings treated as firm earnings for the purpose of distribution and profit to Carter, they must be treated in the same way as to Brenner, and his interest does not cease upon dissolution : Johnson v. Hartshorne, 52 N. Y. 173.

Brenner was the only partner who had anything standing to his credit. The whole firm account was credited to him, and as between himself and his copartners, he owned it.

Interest should have been allowed on the ownership : Bradley v. Brigham, 137 Mass. 545 ; Winchester v. Glazier, 152 Mass. 316 ; Johnson v. Hartshorne, 52 N. Y. 173 ; Barfield v. Loughborough, L. R. 8 Ch. App. Cases, 1.

*H. S. Prentiss Nichols,* with him *Joseph DeF. Junkin,* for appellee.—There is no disputing the fact that the only issue between the parties is as to the right of one partner to claim from his copartner interest upon overdrafts when there has been no settlement of the partnership accounts. Where the facts are such as these, interest upon advances or accumulated profits will not be allowed : Gilman v. Vaughan, 44 Wis. 646 ; Folsom v. Marlette, 23 Nev. 459 ; 49 Pac. Repr. 39.

In the settlement of partnership accounts the allowance or refusal of interest depends upon the circumstances of each particular case ; any unbending rule would work injustice in some case: Jones v. Farquhar, 186 Pa. 386 ; Brown's Estate, 11 Phila. 127 ; Gyger's App., 62 Pa. 73 ; Johnson v. Hartshorne, 52 N. Y. 173 ; Bradley v. Brigham, 137 Mass. 545 ; Buckingham v. Ludlum, 29 N. J. Eq. 345.

OPINION BY MR. JUSTICE BROWN, May 19, 1902:

The learned judge below found that, on December 31, 1883,

the date of the dissolution of the firm of John G. Brenner, Son & Company, James B. Carter was indebted to it in the sum of $3,538.23. This sum was made up of $436.53, Carter's share of losses during 1883, and $3,101.70, his overdrafts in 1882 and 1883. This indebtedness to the firm must be paid to John C. Brenner, the partner who filed the bill for an account, with a large sum standing to his credit on the books of the firm at the date of its dissolution. The third partner, J. Harry Brenner, made a settlement with the appellant before the decree was entered in the court below, and is, therefore, not involved in it.

One of the contentions of the appellant is, that James B. Carter was chargeable with interest on his overdrafts, and that the court erred in not charging his estate with it, he having died since the bill was filed. This claim for interest was not allowed, for the reason, as gathered from the opinion filed by the learned judge, that no express agreement that interest should be charged on the overdrafts of the partners was averred or proved, and there was no evidence that any such agreement existed between the parties. Interest was allowed on the sum found due from the appellee to the appellant from August 1, 1901, the date of the filing of the opinion in the court below. The reason given for not allowing interest from an earlier date from which we do not differ, was : " The Pennsylvania rule on this subject was laid down by Mr. Justice SHARSWOOD in Gyger's Appeal, 62 Pa. 73. In the settlement of partnership accounts the allowance or refusal of interest depends upon the circumstances of each particular case; any unbending rule would work injustice in some case. And this rule has been frequently restated : Jones v. Farquhar, 186 Pa. 386. The circumstances here are peculiar. There is no evidence that the plaintiff, who was the liquidating partner and acquainted with the accounts, ever made a demand on Carter for contribution until he filed the bill in this case, six years, less one day, after the dissolution. This was, to say the least, extraordinary. An examination of the bill shows that the plaintiff threw no light on the nature or amount of his demand, and Carter himself had no means of knowing what, if anything, he owed. Under the circumstances, we think that the defendant should not be charged with interest." The assignments of

error relating to the claim of the appellant for interest are dismissed.

On January 1, 1884, the firm of John G. Brenner, Son & Company sold out to H. & G. E. Knight for $70,000. Instead of demanding and receiving the whole of the purchase money from the purchaser, a balance of $40,000 was allowed to remain in their hands and was contributed to their firm by John C. Brenner as a special partner, upon which he received interest at the rate of nine per cent per annum, amounting to $7,041.68. On the books of the firm of John G. Brenner, Son & Company, this sum of $40,000 was charged against the appellant. The learned judge below, upon the assumption that it continued to be a fund of the partnership of John G. Brenner, Son & Company, in the hands of H. & G. E. Knight, credited James B. Carter with $1,760.47—one fourth of the interest paid on the said sum of $40,000—and reduced the balance found to have been due from Carter to Brenner on December 31, 1883, to $1,777.76. This was error.

If the whole sum of $70,000 had been paid to the firm by the purchasers, and John C. Brenner had drawn out $40,000, he would not have been chargeable with interest on that sum, even if it had been an overdraft, according to the view entertained by the court below, which we have not disturbed ; but it was not so drawn out. More than that sum was due to him on his contribution to the capital, and, when the sale was made and he withdrew that amount, as was his unquestioned right against his copartners, to whom not a dollar was coming, he reinvested it for his own benefit. If all of the purchase money had been actually paid to the firm, and Brenner had then withdrawn this portion of his contributed capital, it is hardly conceivable that either of his copartners would have thought of his liability to the firm for interest during the period of liquidation for the portion of his capital so withdrawn from the firm when it was dissolved and its business ended, especially in view of the express stipulation in the articles of copartnership, " that interest shall be allowed on the amount appearing on the books of the said firm, to the credit of any of the said partners." But, without regard to this clause in the agreement, it would be most inequitable to compel the appellant to account to the firm for the interest paid him by H. & G. E. Knight. For the pur-

pose of determining in this equitable proceeding what Brenner's rights were as to the sum of $40,000 left with the purchasers, it must be regarded as having been actually paid to the firm, at the time of its dissolution, by H. & G. E. Knight. The appellant was then entitled to a return of his capital. The other two members had contributed nothing, and were to get nothing from the business, which had been profitless. All of the assets, after the payment of the debts of the firm, belonged to John C. Brenner. On January 1, 1884, the date of the sale to H. & G. E. Knight, the business of John G. Brenner, Son & Company was at an end; and to insist that the only partner to whom there was anything coming should continue to be liable to his copartners during the period of liquidation for the earnings on the capital which he had contributed to the firm, but which he had withdrawn and placed elsewhere as an investment for his own benefit, is as inequitable as to insist that all the returns upon his individual investments during that period should inure to the benefit of his copartners. The error into which the learned judge fell was, as stated, in assuming that the $40,000 still belonged to the firm after dissolution, and that the interest paid on it by H. & G. E. Knight " was actually earned by the loan of that amount of the firm's money to strangers, who paid it; " but it was John C. Brenner's individual money, reinvested by himself for his own individual benefit.

The decree entered below is reversed, and it is now ordered, adjudged and decreed that James B. Carter, on January 1, 1884, the date of the final dissolution of the firm of John G. Brenner, Son & Company, and at the time of his death, was indebted to John C. Brenner in the sum of $3,538.23, which sum, with interest from August 1, 1901, is still due the appellant from the estate of the said James B. Carter, deceased, and, for the amount so due, the court below is directed to enter judgment in favor of the said John C. Brenner and against George Junkin, executor of the will of the said James B. Carter, deceased; the costs of the proceedings below, as well as on this appeal, to be borne in equal shares by the appellant and appellee.