Kelley, Appellant, *v.* Shay (No. 2).

206    215
212    ²597

*Appeals—Findings of fact—Evidence.*

A finding of fact in the court below as to the existence or nonexistence of a partnership, based upon sufficient evidence, will not be reversed by the Supreme Court in the absence of manifest error.

*Partnership—Settlement of accounts—Interest.*

In the settlement of partnership accounts the allowance or refusal of interest depends upon the circumstances of each particular case; any unbending rule would work injustice in some case.

Except where there has been a fraudulent retention, or an improper application of money of the firm, it is not the practice of the courts to charge a partner with interest on money of the firm in his hands.

*Partnership—Right to engage in outside business.*

Where a partner reserves to himself the right to engage in business upon his own account in the same line in which the firm is engaged, he may, after purchasing stock of a corporation in whose business the partnership is interested, and paying for the same out of partnership assets, buy with his own money stock of the same corporation.

Argued March 3, 1903.   Appeal, No. 173, Oct. T., 1902, by plaintiff, from decree of C. P., Washington Co., No. 986, on bill in equity in case of H. A. Kelley v. John W. Shay, Greensboro Natural Gas Company, and S. F. McCaulley et al.   Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an account.

[See Kelley v. Shay, Appellant (No. 1).]

*Error assigned* was the decree of the court.

*John W. Donnan,* with him *David Sterrett, A. Leo Weil* and *C. M. Thorp,* for appellant.

*George A. Jenks,* with him *John C. Bane* and *Todd & Wiley,* for John W. Shay.

*Edwin S. Craig,* with him *Andrew M. Linn,* for Greensboro Natural Gas Company.

OPINION BY MR. JUSTICE POTTER, May 11, 1903:

The assignments of error in this case are directed in the first instance against the action of the court below, in refusing to include in the order for an accounting, the transactions of the firm of J. W. Shay & Company. We consider the court's findings of fact as a sufficient answer to this complaint. It has found that the interest of Shay and Kelley respectively in the firm of J. W. Shay & Company were individual interests, and that the partnership of Shay & Kelley was not interested as a firm in the said firm of J. W. Shay & Company; and, further, that upon the sale of the property of Shay & Company and after the payment of all existing debts of the said firm, " the net balance was distributed and paid to the several members of the firm in proportion to their respective interests, and said firm was dissolved and its entire assets disposed of and paid out," with the exception of certain tools, cordage, etc., which were bought by Shay and Kelley respectively. If this finding is correct, it follows that Kelley is not now entitled to any further accounting from Shay for the business of J. W. Shay & Company. Neither do we see any substantial merit in the suggestion that Shay failed to account in accordance with the terms of the order of court, and that instead of so doing, he compelled Kelley to assume the burden of proof, and the expense of surcharging and falsifying the books and papers of Shay. The whole matter was referred to the assessor, to be thoroughly sifted and probed, and with full power to call for all accounts, books, vouchers and papers, so that he might make a complete and searching investigation. His report shows that he did so, and that the opposing contentions and claims of the parties were submitted, supported, and combated to the fullest extent. It is difficult to see how there could be any more thorough sifting of the facts, or how a more full and accurate investigation could be made. No complaint was made by the assessor of any refusal or failure upon the

part of Shay to produce books or accounts, or afford any and all information as to the affairs of the parties concerned, within his possession.

The assessor gave careful consideration to the question of the allowance of interest to Kelley upon the balance found to be due him from Shay, and we are not inclined to disturb the conclusion reached by him as confirmed by the court below. There is much confusion in the authorities as to what is proper in the allowance of interest in partnership accountings, and it can hardly be held that any fixed rule has been established. The state of the authorities is in fact, not such as to justify the deduction from them of any general principles upon this subject: Lindley on Partnership, * 389. Except where there has been a fraudulent retention, or an improper application of money of the firm, it is not the practice of the court to charge a partner with interest on money of the firm in his hands : Lindley on Partnership, * 391. In Brenner v. Carter, 203 Pa. 75, the following language was approved in the opinion of our Brother BROWN (p. 77). " The Pennsylvania rule on this subject was laid down by Mr. Justice SHARSWOOD in Gyger's Appeal, 62 Pa. 73. In the settlement of partnership accounts the allowance or refusal of interest depends upon the circumstances of each particular case ; any unbending rule would work injustice in some case. And this rule has been frequently restated : Jones v. Farquhar, 186 Pa. 386." See also Carter v. Producers' Oil Co., 200 Pa. 579.

The disposition of the question of interest by the court below, seems to be, under all the circumstances of this case, equitable and just. There would be much force in the contention of Kelley as to his right in the stock of the Greensboro Natural Gas Company purchased by Shay with cash, if it were not for the agreement by which each partner reserved to himself the right to engage in business upon his own account.

The court below in its final opinion, puts it thus : " As we have found, it was a part of the terms of the partnership that Shay should be at liberty to engage in business, and take interests, in the same line in which the firm was engaged, on his own individual account. We therefore think that, after taking for the firm the stock which was issued in payment for the firm's half interest in the Gray lease, and holding for it the stock

which was paid for with the proceeds of the quarter interest sold to Craig, he was left at liberty by the terms of the. partnership to subscribe on his own account, for a part of the other stock which was to be sold for cash. He did so without any objection on Kelley's part. No part of the funds of the firm can be identified as having entered into and paid for the stock so taken. We decide that the twenty-five shares last above specified belong to and are the individual property of John W. Shay."

With these conclusions we agree as we do with the final conclusion, that Shay's liability as a trustee for Shay & Kelley and McCaulley, is limited to 125 shares of the original stock, and a proportionate amount of the new issue.

The assignments of error are overruled and the decree is affirmed.