# Goodwill, Appellant, *v.* Heim.

*Partnership—Interest—Accounting.*

Interest should not be allowed on partnership accounts before there has been an accounting or settlement of the same, unless under the peculiar facts and circumstances surrounding the case the equities demand that interest be charged.

Where a liquidating partner has had exclusive control of the finances and business of the firm, and has made no demands for a settlement, and no claim for interest on moneys withdrawn by his copartner, no interest should be allowed in an accounting, on the moneys withdrawn by the copartner.

Argued May 22, 1905.    Appeal, No. 162, Jan. T., 1904, by plaintiffs, from decree of C. P. Northumberland Co., No. 94, in Equity, 1879, on bill in equity in case of Phillip Goodwill, Anthony G. Goodwill and William A. Goodwill, executors of Robert Goodwill, deceased, v. Andrew A. Heim.    Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ.    Reversed.

Bill in equity for an account.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to master's report.

*Charles M. Clement*, with him *S. P. Wolverton*, and *W. H. M. Oram*, for appellant.—In the absence of special circumstances to warrant it, interest cannot be charged against a partner for sums withdrawn from the partnership funds or overdrafts or moneys paid him from firm funds in excess of his

share of the profits : Kelley v. Shay, 206 Pa. 215; Gyger's App., 62 Pa. 73; Webster v. Bray, 7 Hare, 159; Stevens v. Cook, 5 Jur. N. S. 1415; Turner v. Burkinshaw, L. R. 2 Ch. 488; Cooke v. Benbow, 3 De G., J. & S. 1; Rhodes v. Rhodes, 6 Jur. N. S. 600; Dexter v. Arnold, 3 Mason, 284; Brenner v. Carter, 203 Pa. 75; Brown's App., 89 Pa. 139; Ahl v. Ahl, 186 Pa. 99.

*George W. Ryon*, with him *Samuel Heckert*, for appellee.— Interest was properly allowed : Mining Co. v. Jones, 108 Pa. 55; Sims v. Willing, 8 S. & R. 103 ; Thomson's Est., 12 Phila. 131; McClelland v. West, 70 Pa. 183; Grubb's App., 66 Pa. 117; Penna. R. R. Co. v. Cooper, 58 Pa. 408 ; D., L. & W. R. R. Co. v. Burson, 61 Pa. 369; R. R. Co. v. Gesner, 20 Pa. 240 ; Bare v. Hoffman, 79 Pa. 71.

OPINION BY MR. JUSTICE ELKIN, June 22, 1905 :

This case comes before us venerable with age. The original bill was filed March 21, 1879, and from that time to the present the questions involved have been before the masters, the court below and here for consideration and determination. Most of the original counsel connected with the case have departed this life, and the two principal litigants are now numbered with the dead.

It could serve no useful purpose to undertake a review in detail of the complicated partnership accounts extending over a period of about forty years. This work has been done by expert accountants, and by able counsel representing the parties to the controversy. We are not inclined to disturb the findings of fact nor the conclusions of law stated by the masters and approved by the court below, except in one particular wherein we believe there was error. When the original account was filed in 1885 the accounting partner was credited with interest on certain sums of money withdrawn by the other partner, as follows, to wit: on $3,119.55 from November 30, 1871, 13 years, 11 months, $2,604.82; on $75.00 from April 8, 1872, 13 years, 6 months and 22 days, $61.02; on $115.83 from July 8, 1872, 13 years, 3 months and 22 days, $92.51; on $150 from October 8, 1872, 13 years and 22 days, $117.55; total $2,875.50.

We have examined the testimony with care, but have not

been convinced that the interest charged is justifiable under the circumstances. The accounting partner had the exclusive control of the finances and business of the firm, had made no demand for a settlement and no claim for interest on the amounts withdrawn and on which interest was allowed. The general rule is that interest will not be allowed on partnership accounts until there has been a settlement of the same. It is true this court has frequently said that the allowance or refusal of interest in the settlement of partnership accounts depends upon the circumstances of each particular case : Gyger's Appeal, 62 Pa. 73 ; Grubb's Appeal, 66 Pa. 117; Jones v. Farquhar, 186 Pa. 386 ; Brenner v. Carter, 203 Pa. 75; Kelley v. Shay, 206 Pa. 215. In some of these cases the rule has been recognized that the defendant will not be charged with interest on overdrafts where there is no evidence of an agreement to pay interest and where it appears that the liquidating partner who was acquainted with the account never made demand on the defendant for settlement or for interest until he filed his bill after the dissolution of the partnership. Interest should not be allowed on partnership accounts before there has been an accounting or settlement of the same, unless under the peculiar facts and circumstances surrounding the case the equities demand that interest be charged. In the case at bar we do not discover such peculiar facts or circumstances as would justify a departure from the general rule. There was no agreement to pay interest between the partners. No demand was made by the defendant for settlement of the account, the payment of balances, or for interest on the same before the bill was filed. Under these facts the masters and the court below erred in allowing the accounting partner in the account filed in 1885 interest amounting, as above stated, to $2,875.50. This sum should be deducted from the balance found due at that time, and the interest charged upon said sum after 1885, in the later accounts, should also be deducted. All of the remaining assignments of error are overruled.

Decree reversed and it is ordered and directed that the record be remitted to the court below to be modified and corrected in accordance with this opinion.