# Gibson's Estate.

*Auditor—Findings of fact—Review.*

1. An auditor's finding of fact approved by the court below will not be disturbed unless manifest error is shown.

*Interest—Mutual accounts—Decedents' estates—Demand.*

2. Interest on a claim against a decedent's estate is not demandable where it appears that both the claimant and the decedent had advanced money that was used by the latter in promoting a joint enterprise, that there had been mutual accounts between them which had not been adjusted and a balance struck prior to decedent's death, and that there had not been any demand made.

Argued April 26, 1910. Appeal, No. 98, Jan. T., 1910, by H. O. Gibson, from decrees of O. C. Erie Co., Feb. T., 1908, No. 21, and May T., 1909, No. 15, dismissing exceptions to auditor's report in Estate of Perry A. Gibson, deceased. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to report of J. M. Force, Esq., auditor.
The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to auditor's report.

*Henry C. Yard*, with him *T. A. Lamb*, for appellant.

*Frank Gunnison*, with him *John S. Rilling* and *Henry E. Fish*, for appellee.

PER CURIAM, May 24, 1910:

The appellant's claim at the audit was for advances of money made to the decedent in the management of a business enterprise in which they were jointly interested. The exceptions to the auditor's report and the assignments of error here relate to the finding by the auditor of the amount due the appellant and to the disallowance of interest thereon. What amount was due was a question of fact, as to which the finding of an auditor, approved by the court, will not be disturbed unless manifest error is shown. Both the appellant and the decedent advanced money that was used by the latter in promoting a joint enterprise; there were mutual accounts between them which had not been adjusted and a balance struck and there had been no demand made. Under these circumstances interest was not demandable: Gyger's App., 62 Pa. 73; Goodwill v. Heim, 212 Pa. 595.

The order of the court confirming the auditor's report is affirmed at the cost of the appellant.