## Rissi, Appellant, *v.* Levan.

. Argued May 1, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*R. C. Ferroni,* with him *Anthony D. Pirillo, Jr.,* and *Pirillo and Carabello,* for appellant.

*Mason Avrigian* and *Robert W. Tredinnick,* with them *Curtis Wright,* and *Foulke, Knight, Stefan & Timoney,* and *Bean, DeAngelis, Tredinnick & Giangiulio,* for appellees.

OPINION PER CURIAM, July 1, 1968:

Judgment on the verdict has not been entered; hence, the appeal must be quashed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

Both parties in this case have filed briefs, we heard the arguments of the respective lawyers, the issues are simple, and we should decide what is involved. The Majority is quashing the appeal because judgment had not been entered on the verdict. Judgment, of course, should have been entered before the appeal was filed, but I believe it is unjust to require the parties to repeat the long, tedious, expensive proceeding of an appeal because of this technical defect in the proceedings. No one can possibly be harmed if we decide the case on its merits. With the enormous burden carried by this Court, it does not seem a demonstration of wisdom for us to say, we have heard the lawyers, we have read the briefs, we have studied the records, but we will do this all over again, when a lawyer or some clerk enters the judgment, a purely ministerial act, which has no bearing on the issue whatsoever.

Why can't this Court order the entering of the judgment below, and we then proceed to dispose of the case? This, to me, would seem an application of practical judgment, common sense, and a striving for justice.

I dissent to the quashing of the appeal for the reason given by the majority.