348 A.2d 418

Ralph M. STOTSENBURG

v.

Richard H. FROST, Individually and as liquidator of Ralph M. Stotsenburg and Richard H. Frost, late trading as Autotrols, Inc., et al., Appellants.

Supreme Court of Pennsylvania.

Oct. 30, 1975.

Rehearing Denied Dec. 30, 1975.

Thomas P. Geer, Pittsburgh, for appellant.

R. Alan Stotsenburg, New York City, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

These appeals arise from a final decree in equity affirmed by the court en banc, entered on March 25, 1974. This decree determined that a partnership did exist between appellant, Richard H. Frost, and appellee, Ralph M. Stotsenburg, and further awarded $8,984.81, plus interest, to appellee as his share of the liquidated partnership.

Two separate appeals having been filed, we shall discuss them ad seriatim.

I—No. 138 March Term, 1974—Appeal of Richard H. Frost, individually

In this appeal appellant, Richard H. Frost, first argues that the evidence was insufficient to establish a partnership between himself and appellee, Ralph M. Stotsenburg. We do not agree. A chancellor's findings of fact, as affirmed by a court en banc, have the weight of a jury verdict and will not be disturbed on appeal if there is sufficient evidence to sustain such findings. See *Boyd v. Teeple*, 460 Pa. 91, 331 A.2d 433 (filed January 27, 1975).

A summary of the evidence of existence of a partnership affirmed by the chancellor and sustained by two courts en banc is as follows: Appellant and appellee were salesmen with extensive experience in the field of industrial control machinery. In March, 1964, the parties orally agreed to form a partnership to begin on June

1, 1964, whose purpose was the selling and servicing of customer accounts in the industrial control field. The terms of the agreement were that both appellant and appellee would be full-time sales representatives with equal authority as to the operation of the business and with identical compensation plans of $1,000 a month, plus fifty percent of the net profits. Appellee Stotsenburg agreed to pay appellant Frost $5,000 at the commencement of the new venture; however, appellee, being unable to meet this commitment, paid appellant two $1,000 payments, and now owes appellant $3,000, plus six percent interest. During the three and one-half years of business, both appellant and appellee contributed $1,500 each to Autotrols, Inc., when the corporate entity through which all business was conducted was in need of operating capital. In addition to equal management rights, the chancellor also found both parties had equal shares of the profit and loss, the equal right to act for the business and that each party had made contributions of either capital or services to the business. Our review of the record reveals sufficient facts upon which the chancellor could well have found a partnership between appellant Frost and appellee Stotsenburg. See Uniform Partnership Act, 1915 March 26, P.L. 18, Part II, § 6, 59 P.S. § 11. See also *Tax Review Bd. v. Green*, 409 Pa. 448, 187 A.2d 572 (1963).

Appellant next argues that the chancellor erred 1) in granting appellee Stotsenburg an accounting, 2) in appointing a certified public accountant to conduct the accounting, and 3) in the results of the accounting.

In the instant case, appellee Stotsenburg filed an equity action seeking a declaration of partnership and an accounting for his share of that partnership. The chancellor found that a partnership existed and subsequently ordered an accounting to determine the respective shares of the parties.

Section 43 of the Uniform Partnership Act, supra, 59 P.S. § 105, provides:

"The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary."

■■ The above section gives a clear right to an accounting upon the dissolution of a partnership. In addition, the Pennsylvania Rules of Civil Procedure also provide authority to the chancellor to order an accounting. See Pennsylvania Rules of Civil Procedure 1515 and 1530(a). Absent an abuse of discretion in the employment of an accountant, this court should not interfere with the determinations of the court as to whatever aids it deems necessary to reach a just result. Our review of the record reveals no such abuse.

■ Appellant next argues that the results of the accounting are erroneous. Our review of the accounting reveals minuscule errors that render appellant's objections "de minimus" and, therefore, the alleged errors, in our opinion, are harmless.

■ Appellant Frost argues that the chancellor erred in assessing interest on appellee's partnership share from the date of termination of the partnership, rather than from the date of the final decree. We agree. The chancellor in the instant case determined that appellee Stotsenburg was a partner and that his share of the business was $8,984.81 as of December 31, 1967, plus interest from that date. The final decree in this matter was entered March 24, 1974.

In *Greenan v. Ernst,* 408 Pa. 495, 512, 184 A.2d 570, 579 (1962), this court, in discussing the allowance of interest in cases of the dissolution of partnerships stated:

> "*In partnership accounting the allowance of interest is not a matter of right but a matter of discretion* and '. . . the general rule appears to be that in the absence of an agreement to the contrary, interest is not to be allowed on partnership accounts until after a balance is struck, but may be charged if under the circumstances of the particular case the equities so require': 40 Am.Jur. § 353, p. 378. In *Gyger's Appeal,* 62 Pa. 73, 79, Mr. Justice Sharswood, speaking for this Court, characterized as 'the safest principle to adopt in view of the confidential relation of the parties, and the variety and complication of such accounts' the rule that 'the allowance or refusal of interest depends upon the circumstances of each particular case.' See also: *Rehill v. McTague,* 114 Pa. 82, 7 A. 224. In *Goodwill v. Heim,* 212 Pa. 595, 597, 62 A. 24, this Court said: '. . . The general rule is that interest will not be allowed on partnership accounts until there has been a settlement of the same. It is true this court has frequently said that the allowance or refusal of interest in the settlement of partnership accounts depends upon the circumstances of each particular case: *Gyger's Appeal,* 62 Pa. 73; *Grubb's Appeal,* 66 Pa. 117; *Jones v. Farquhar,* 186 Pa. 386, 40 A. 1134; *Brenner v. Carter,* 203 Pa. 75; *Kelley v. Shay,* 206 Pa. 215, 55 A. 927. . . . Interest should not be allowed on partnership accounts before there has been an accounting or settlement of the same unless under the peculiar facts and circumstances surrounding the case the equities demand that interest be charged. . . ." (Emphasis in original.)

The chancellor and the court en banc reveal no peculiar facts which would compel departure from the above-

cited general rule. Therefore, the decree is modified so that the date that interest is chargeable is the date of the final decree granting dissolution of the partnership and not the termination of the partnership arrangement by the parties.

Appellant's next argument is that he should not bear the cost of the prior interlocutory appeal which was quashed by this court.

■■ On March 23, 1971, this court, in a per curiam order, quashed the interlocutory appeal of appellant Frost, with instructions that indicated the costs were to "abide the event." On March 25, 1974, a final decree in equity was entered which found that a partnership did exist between the parties and determined the amount of appellee Stotsenburg's share. The court below divided the costs of the litigation equally between the parties, except for the costs relative to this interlocutory appeal which were levied solely against appellant. The assessment of costs in equity proceedings is peculiarly within the sound discretion of the chancellor, and absent an abuse of discretion will not be distributed. See *Gordon v. Hartford Sterling Co.*, 350 Pa. 277, 38 A.2d 229 (1944). Our review of the record reveals no such abuse. Moreover, the court below was following this court's mandate that costs of the interlocutory appeal would follow the outcome of the final decree.

II—No. 169 March Term, 1974—Appeal of Richard H. Frost, Autotrols, Inc., Virginia P. Frost, Irwin E. Owens and John F. A. Taylor

■■ This appeal was taken on June 4, 1974 by appellants, Richard H. Frost, Autotrols, Inc., Virginia P. Frost, Irwin E. Owens and John F. A. Taylor, to the March 25, 1974 final decree declaring a partnership and awarding to appellee Stotsenburg his share of the business. On July 18, 1974, a motion to quash this appeal was filed in this court, with an amendment to the motion

being filed on July 22, 1974. On July 23, 1974, appellants filed an answer to the motion to quash.

Appellants argue that the time period for filing an appeal to this court runs from the date that judgment is entered on the judgment docket rather than the date the final decree is entered on the court docket. The facts in the instant case reveal that the final decree, as affirmed by the court en banc, was entered on March 25, 1974, with appellee entering judgment against all the appellants on May 6, 1974. This appeal was not filed until June 4, 1974 (seventy-one days after the final decree was docketed).

The Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. V, § 502, 17 P.S. § 211.502(a): states:

". . . Generally.—Except as otherwise provided in this section an appeal under this act from *any order* shall be filed within thirty days of its entry." (Emphasis supplied.)

Rule 19, subd. A of the Supreme Court Rules provides that:

"No judgment, sentence, order or decree shall be appealable until it has been entered upon the appropriate docket in the court below."

Appellee raises no argument that the March 25 decree was not docketed on March 25, but rather argues that the date judgment is entered is the determinative date. We do not agree.

In *Sanders Appeal*, 454 Pa. 350, 312 A.2d 414 (1973), at N. 3, page 352, 312 A.2d at page 415, in discussing a final orphans' court decree, but equally applicable to a final decree in equity, we noted:

"Appellee has moved to quash this appeal as untimely. An appeal from an order must be taken within thirty days of entry of the order (Section 502(a) of the Appellate Court Jurisdiction Act, Act of July 31,

1970, P.L. 673, art. V, 17 P.S. § 211.502(a)). However, such appeal may not be taken until the order has been entered on the appropriate docket in the lower court (Rule 19A of the Rules of the Supreme Court). Although the appeal in the instant case was taken more than thirty days after the decree was announced, it was taken within thirty days of its entry on the docket. Therefore, the appeal was timely and the motion to quash will be dismissed."

The determinative date for purposes of filing an appeal to this court in equity matters is the date that final decree is docketed.

Appeal at No. 169 March Term, 1974 is quashed. Appeal at No. 138 March Term, 1974—decree affirmed in part and modified in part and case remanded for proceedings consistent with this opinion.

JONES, C. J., and NIX, J., *took no part in the consideration or decision of this case.*

ROBERTS, J., filed a dissenting opinion.

MANDERINO, J., dissents.

ROBERTS, Justice (dissenting).

Appellants filed their appeal No. 169 within 30 days of the date appellee entered judgment and their appeal was thus timely taken. I therefore dissent from the order quashing the appeal.

The majority cites the correct statute and rule which determine the timeliness of the appeal. Nevertheless, it reaches the wrong conclusion because it fails to recognize that where an order of a court, whether sitting in equity or law, awards a party damages, the appeal lies not from the order but from the entry of judgment. Until the award is reduced to a judgment, there is no basis for appeal. *Shellem v. Springfield School District*, 6 Pa.

Cmwlth.Ct. 527, 297 A.2d 179 (1972); *Roy v. North Braddock School District*, 4 Pa.Cmwlth.Ct. 237, 285 A.2d 550 (1971) (per Manderino, J). Indeed, had appellants brought this appeal prior to the entry of judgment, this appeal would have been quashed as premature. *Rissi v. Levan*, 430 Pa. 376, 243 A.2d 353 (1968). Since appellants filed their appeal within 30 days of the entry of judgment, their appeal is timely and should be considered. The merits of this appeal therefore should be reached.

Appellee filed exceptions to the post-accounting adjudication in which he asked the court to make Autotrols, Inc., and three other shareholders of that corporation jointly and severally liable for the judgment against Richard Frost. The court en banc dismissed the exception. However the court failed to make clear in its decree that judgment was against only Richard Frost. Accordingly appellee entered judgment against all appellants.

Appellants ask us to remand this case to the court en banc so that its decree can be made to conform with the dismissal of exceptions and the judgment against all parties other than Richard Frost stricken Appellants are clearly entitled to this and I would grant them the requested relief. Since the majority fails to do so, I dissent.

I also dissent from the majority's resolution of appeal No. 138.