542 A.2d 164

**Marcia Stillman DASHER, Appellee,**

v.

**Paul R. DASHER, Appellant.**

Superior Court of Pennsylvania.

Argued May 7, 1987.

Filed June 2, 1988.

Michael E. Fingerman, Philadelphia, for appellant.

Jonathan Braff, Philadelphia, for appellee.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

The principal issue in this appeal from a decree awarding equitable distribution of marital property is whether the trial court erred when it allowed interest on the distributive award made to one of the spouses for the period between separation and the entry of the decree of distribution.

Marcia Stillman Dasher, appellee, and Paul R. Dasher, appellant, were married on June 30, 1957. The couple separated in September of 1971, when the wife-appellee left the marital residence. She instituted two divorce actions, one in 1971 and one in 1978, both of which were dismissed for lack of prosecution. She commenced a third divorce action on August 11, 1980, after enactment of the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. § 101 et seq.

The trial court, following a trial de novo,[1] entered a decree awarding wife-appellee fifty (50%) percent of the marital property, minus a sum which the wife had previously removed from a joint savings account. The total award to the wife was $61,700.00. To this, the trial court added interest for the fourteen (14) year period between the separation of the parties and the entry of the court's decree. This interest, according to the court's computation, was

---

1. A prior hearing had been held before a master.

$65,076.00 [2] and increased the amount payable by husband-appellant to $126,776.00.

Whether prejudgment interest may be awarded as part of a decree of equitable distribution is an issue which has not been addressed by the appellate courts of this Commonwealth. As a general rule, however, a successful litigant is entitled to interest beginning only on the date of the verdict. *Sands v. Pennsylvania Ins. Guaranty Ass'n.*, 283 Pa.Super. 217, 227, 423 A.2d 1224, 1229 (1980). See also: 42 Pa.C.S. § 8101. "[P]rejudgment interest is compensation allowed by law or fixed by contract for the use or detention of a plaintiff's property by the defendant." *Verner v. Shaffer*, 347 Pa.Super. 206, 210, 500 A.2d 479, 481 (1985). Prejudgment interest for breach of contract is recoverable "[i]f the breach consists of a failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value." *Id.*, quoting Restatement (Second) of Contracts, § 101. It may also be awarded when a "defendant holds money or property which belongs in good conscience to the plaintiff, and the objective of the court is to force disgorgement of his unjust enrichment." *Sack v. Feinman*, 489 Pa. 152, 164, 413 A.2d 1059, 1065 (1980), quoting D. Dobbs, Remedies 169–170 (1973). Prejudgment interest in such cases is a part of the restitution necessary to avoid injustice. See: Restatement of Restitution, §§ 156 and 157.

The courts of other jurisdictions have refused to award prejudgment interest in cases involving the equitable distribution of marital property between spouses. The reason generally given for this rule is that the individual rights of the parties to specific property or funds is not established until distribution has been determined by the court. Until a decree of distribution is entered, the spouse in possession of marital property cannot know what amount is owed and, therefore, cannot be in default for failing to deliver the

---

2. The parties are agreed that the trial court's computation of interest was incorrect. The correct interest for a period of fourteen years is $51,828.00.

same to the other spouse. See: *Cockrill v. Cockrill*, 139 Ariz. 72, 676 P.2d 1130 (1983) (until judgment, amount to which spouse is entitled not ascertainable); *Appelbe v. Appelbe*, 76 N.C.App. 391, 333 S.E.2d 312 (1985) (same); *Watt v. Watt*, 312 N.W.2d 707 (S.D.1981) ("division of property in a divorce action is designed to settle with finality the property rights of the parties as of the time of entry of judgment.... Each party is entitled to their respective property as of that date." *Id.* at 711, quoting *Lien v. Lien*, 278 N.W.2d 436, 444 (S.D.1979).[3] Cf. *Riley v. Riley*, 385 N.W.2d 883 (Minn.App.1986) (interest accrues on money awarded as part of property settlement only on unpaid balance from time payment due until payment made; prejudgment interest specifically prohibited by statute); *Ashbrenner v. Ashbrenner*, 156 Mich.App. 373, 401 N.W.2d 373 (1986) (where statute authorizing prejudgment interest applies only to money judgments in civil actions and not to property distributions in divorce judgments, trial court lacked authority to award such interest, however, court, in exercise of its discretion, could award interest pursuant to property division where specific amount ordered to be paid was overdue); *Lawrence v. Lawrence*, 150 Mich.App. 29, 388 N.W.2d 291 (1986) (same); *Saber v. Saber*, 146 Mich. App. 108, 379 N.W.2d 478 (1985) (same). Contra: *Morris v. Morris*, 724 P.2d 527 (Alaska 1986) (award of prejudgment interest in divorce proceedings within discretion of trial court).

Although the appellate courts of this Commonwealth have not previously considered the issue of prejudgment interest in the context of a decree equitably distributing marital property between spouses, the Supreme Court has considered whether prejudgment interest is recoverable in proceedings to dissolve a business partnership. In reversing an award of prejudgment interest in *Stotsenburg v.*

3. Similar reasoning was employed by the Court of Common Pleas of Lebanon County when it denied prejudgment interest in *Strohm v. Strohm*, 21 Leb.Co.L.J. 151 (1984).

*Frost*, 465 Pa. 187, 348 A.2d 418 (1975), the Court said, "[i]nterest should not be allowed on partnership accounts before there has been an accounting or settlement of the same unless under the peculiar facts of the case the equities demand that interest be charged." *Id.*, 465 Pa. at 193, 348 A.2d at 421, quoting from *Greenan v. Ernst*, 408 Pa. 495, 512, 184 A.2d 570, 579 (1962).

In the instant case, neither party was entitled to receive specific marital assets until the date of the decree. Moreover, there were no special circumstances which demanded that prejudgment interest be awarded to the wife-appellee in order to avoid unjust enrichment to the husband-appellant. It was the wife who left the marital home and allowed the marital property to remain in the possession of the husband. Thereafter, she twice filed actions in divorce which were subsequently dismissed because she failed to prosecute them. It was only after the Divorce Code of 1980 had been enacted that she finally prosecuted an action for divorce in which she sought, inter alia, a decree of equitable distribution. Although the record indicates that some portion of the delay involved in this action may be chargeable to the husband-appellant, the trial court made no finding of bad faith or dilatory conduct on his part. From the record, it appears that the husband was no more responsible for the fourteen year span between separation and final decree than the wife. Moreover, during the intervening years the husband-appellant made spousal and child support payments in accordance with various support orders.[4] Although the record does not permit a precise determination of the amounts paid prior to April, 1981, it does appear that since that time he has been paying alimony pendente lite to the wife-appellee in accordance with an agreed order of seventy ($70.00) dollars per week. These circumstances do not disclose a situation in which prejudgment interest is necessary to achieve equity between the parties.

4. It is asserted in appellant's brief that these payments were in excess of $100,000.00.

Contrary to the expressed belief of the trial court, pre-judgment interest is not essential to correct economic disparity between the parties. The means for remedying economic disparity between spouses are contained within the provisions of the Divorce Code. If a court has availed itself of the means provided by statute, it will not be necessary to add prejudgment interest in order to achieve an equitable result between the parties. This is particularly evident here. During fourteen years in which the parties were separated, the wife-appellee's several divorce actions languished and were dismissed for failure to prosecute them. During the same period, husband-appellant was required to pay either spousal support or alimony. During that period, the husband-appellant did not wrongfully withhold marital property to which wife-appellee was entitled. Prejudgment interest, under these circumstances, was not warranted merely because the husband-appellant, by hard work and business acumen, had been able to parlay a fractional interest in a small, family business into full ownership of a successful and profitable shirt business during the period of separation.

The trial court awarded each spouse one-half of the marital property in existence on the date of separation. By adding pre-judgment interest to the wife's award, the court almost doubled the wife's interest in the marital estate, while reducing the husband's share to less than one-twelfth thereof. This was improper.

The trial court has suggested in its opinion that it would have directed a different distribution if it had not awarded pre-judgment interest. It has said that because of its award of pre-judgment interest it did not make an award for the rental value of the marital home which the husband-appellant occupied for approximately six years following the parties' separation. Appellee has requested, therefore, that we remand for further consideration in view of our rejection of the award of pre-judgment interest. After careful consideration, we have determined to accede to this request. Our remand is not made to permit the trial court

to award pre-judgment interest in the guise of an altered distribution but to reconsider its decree in the light of all factors and circumstances mandated by statute in order to achieve a more equitable decree.

Appellant's remaining contentions are lacking in merit. The trial court did not err when it found that the marital property included the value of the marital home and the value of husband's business interests at the time of separation. Neither can it be said that the trial court's award of alimony and counsel fees constituted an abuse of discretion. These were proper awards. Because they were intended to achieve economic justice, however, they highlight the lack of any need for an additional award of prejudgment interest.

Reversed and remanded for further consideration in accordance with the foregoing opinion.

BECK, J., files a concurring opinion.

BECK, Judge, concurring:

Although I concur in the majority's disposition of this case, I disagree with the majority's view of pre-judgment interest in equitable distribution.

The majority appears to recognize that under Pennsylvania law, pre-judgment interest may be awarded where the "defendant holds money or property which belongs in good conscience to the plaintiff, and the objective of the court is to force disgorgement of his unjust enrichment." *Sack v. Feinman*, 489 Pa. 152, 164, 413 A.2d 1059, 1065 (1980). Thus, pre-judgment interest is clearly a general equitable remedy designed to provide restitution for unjust enrichment. The majority then analyzes the facts of this case and determines that equity does not demand a pre-judgment interest award to the wife. However, the majority also appears to opine that pre-judgment interest is not only inappropriate under the facts of this case, but is never

advisable in equitable distribution cases. The majority so concludes because "...prejudgment interest is not essential to correct economic disparity between the parties. The means for remedying economic disparity between spouses are contained within the provisions of the Divorce Code."

I disagree. I find nothing in the Code that precludes an award of pre-judgment interest in those cases where special circumstances make it the most effective remedy to prevent unjust enrichment of one spouse at the expense of the other. The Code not only does not preclude the use of general equitable remedies, but in fact specifically reserves to the court "full equity power" and permits it to "grant such ... relief or remedy as equity and justice require against either party...." Pa.Stat.Ann. tit. 23 § 401(c) (Purdon Supp.1987).

I would hold that the decision whether pre-judgment interest is appropriate in an equitable distribution case is vested in the discretion of the trial court. The Supreme Court of Alaska reached the same conclusion in *Morris v. Morris*, 724 P.2d 527 (Alaska 1986). In *Morris*, the court advised the trial court to consider factors such as the following in deciding whether pre-judgment interest was to be awarded in dividing marital property:

1. length of separation
2. whether the marital property itself earned interest during separation
3. undue delay in bringing about final judgment.

I agree that these are the kinds of considerations that should guide the trial court's discretion. Applying these considerations to the case *sub judice*, I conclude that for the reasons cited by the majority, there are not present the special circumstances necessary to justify a pre-judgment interest award. Thus, the order of the trial court should be reversed and remanded for reconsideration of the equitable distribution of the parties' marital property in light of our disapproval of an award of pre-judgment interest.