J-S41002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID ELMAKIAS AND ANAT ELMAKIAS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREA T. SOLOMON AND MICAH A. SOLOMON | : | No. 3849 EDA 2017 |
| | : | |
| Appellants | : | |

Appeal from the Order Dated November 24, 2017
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 17-27457

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 17, 2018**

Appellants Andrea T. Solomon and Micah A. Solomon appeal *pro se* from the Order entered in the Court of Common Pleas of Montgomery County on November 24, 2017, denying their petition for leave to appeal *nunc pro tunc* from a magisterial district court's judgment and their emergency stay of eviction. In light of Appellants' failure to ensure this Court received a complete record necessary for meaningful appellate review and of the substantial defects in their brief, we dismiss this appeal.

The trial court set forth the relevant facts and procedural history herein as follows:

> Appellant, Andrea Solomon, filed the petition to appeal nunc pro tunc and motion for stay of eviction in this [c]ourt on November 22, 2017, seeking to overturn the effect of the lower

_____
*   Former Justice specially assigned to the Superior Court.

court's judgment entered September 29, 2017, which had found against her in the amount of $12,000 in back rent plus costs (establishing the amount of monthly rent as $2,428) and awarding possession of leased premises (1505 Seneca Run, Ambler, PA 19002) to the landlords (Appellees). (Not. J./Tr. Residential Lease 1, Sept. 29, 2017.) Andrea Solomon was the only party against whom judgment was rendered in the court below, the only petitioning party listed in the caption of the motion for stay and accompanying petition for leave to proceed in forma pauperis, and the only party listed as Defendant on the docket of this lower [c]ourt. However, the petition to appeal nunc pro tunc also names a Micah Solomon as "indispensible [sic] party" (Pet. Leave Appeal Nunc Pro Tunc, Nov. 22, 2017) and the Superior Court docket also lists him as an Appellant.

The hand-printed petition states as reasons for requesting an appeal nunc pro tunc, "Appellant was involuntarily committed on [October] 8, 2017, prior to the end of Appeals time. Appellant was not released until on or about October 18, 2017. Appellant's husband and minor child were left in the home, when constable came to post enforcement of the judgement." (Pet. Leave Appeal Nunc Pro Tunc para. 3.) The statement of reasons also contains barely discernible allegations about an "involuntary petition for Bankruptcy, filed [October] 11, 2017" (Pet. Leave Appeal Nunc Pro Tunc para. 3), which would have been after expiration of the ten-day period allowed by Pa.R.C.P.M.D.J. 1002(B) for appealing the magisterial district court's judgment for possession of September 29, 2017.

Attached to Appellant's motion for stay of eviction was a copy of what appeared to be an order of the United States Bankruptcy Court for the Eastern District of Pennsylvania in the matter of Andrea T. Solomon and Micah A. Solomon, Debtors, regarding the motion of David and Anat Elmakias (landlords/Appellees) for relief from the automatic stay in bankruptcy (see 11 U.S.C. § 362) entered November 14, 2017, after hearing, stating:

1. The [a]utomatic [s]tay, as it applies to [M]ovants David and Anat Elmakias, expired on November 11, 2017.
2. The [a]utomatic [s]tay as it applies to [M]ovants David and Anat Elmakias[] is reinstated effective November 14, 2017 and will remain in effect until November 27, 2017.

> 3. The [a]utomatic [s]tay is lifted for the limited purpose of allowing Debtor Andrea T. Solomon to [p]etition the Montgomery County Pennsylvania Court of Common Pleas regarding the Eviction Judgment in MJ-38110-LT-54- 2017.
>
> 4. Debtors are to submit to the Clerk of the Bankruptcy Court $2,300.00 no later than 5:00 PM on November 27, 2017 in certified funds. If the funds are not submitted, the [a]utomatic [s]tay is terminated and Movants may proceed with an eviction for the property at 1505 Seneca Run, Ambler, PA 19002, on November 28, 2017, or any time thereafter.
>
> 5. If Debtors pay the funds into court the automatic stay shall remain in effect and a hearing shall be scheduled for November 30, 2017 at 1:30 PM in Courtroom 2, United States Bankruptcy Court, Eastern District of Pennsylvania, 900 Market Street, Philadelphia, PA 19007 to determine if there are grounds for the automatic stay to continue.

(Emergency Mot. Stay Eviction app. 1.) No other information about the status or outcome of the proceedings in bankruptcy appears of record.

This [c]ourt scheduled and held a hearing on the petition for leave to appeal nunc pro tunc and motion for stay of eviction [on] November 24, 2017, two days after their filing (with the intervening day being the Thanksgiving holiday). After hearing, the undersigned denied the petition and motion.

That same day, Andrea and Micah filed a notice of appeal of the [c]ourt's order to the Superior Court. The certificate of service of the notice of appeal, which complied with neither Pa.R.A.P. 121(c), Pa.R.A.P. 122(b), nor Pa.R.A.P. 906(a), indicated service of the notice was being made upon the Elmakiases and their counsel by email delivery. Contrary to Pa.R.A.P. 906(a)(2)-(4), the certificate failed to show service upon the undersigned Judge, the official Court Reporter, or the Court Administrator or his designee under the Pennsylvania Rules of Judicial Administration, Pa.R.J.A. 4007(B)(3). The notice of appeal also did not, in violation of Pa.R.A.P. 904(c), Pa.R.A.P. 906(a), and Pa.R.A.P. 1911, include a request for a transcript of the hearing proceedings, and as of the date of this writing no such transcript has been ordered or produced.

On December 21, 2017, nearly a month after the filing of the appeal, Micah Solomon filed another certificate of service of

- 3 -

the notice of appeal, still noncompliant with Pa.R.A.P. 121(c), Pa.R.A.P. 122(b), and Pa.R.A.P. 906(a) (requiring that "proof of service compliant with this rule" be served *concurrently* with the notice of appeal), indicating the notice had been served upon the undersigned on November 24, 2017, "personally." The undersigned does not recall being served that day, or any day, with the notice of appeal, and has no such notice in his possession or chambers. *Cf.* Pa.R.A.P. 122 note ("Under 18 Pa.C.S. § 4904 (unsworn falsification to authorities) a knowingly false proof of service constitutes a misdemeanor of the second degree.").

On or after March 8, 2018 (the date the Superior Court's notice dated March 6, 2018, was postmarked), the undersigned received notice from the Superior Court under Pa.R.A.P. 1935(a) that the record of proceedings in this [c]ourt was overdue to be transmitted to that Court pursuant to Pa.R.A.P. 1931 (providing generally that the record must be transmitted to the appellate court within sixty days after the filing of the notice of appeal). The undersigned investigated the circumstances and issues surrounding the notice of appeal and the underlying case, and now offers this opinion under Pa.R.A.P. 1925(a) ("Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.").

Trial Court Opinion, filed March 29, 2018, at 1-4.

This Court reviews a trial court's denial of an appeal *nunc pro tunc* under an abuse of discretion standard. ***Raheem v. University of the Arts***, 872 A.2d 1232, 1234 (Pa.Super. 2005). An abuse of discretion is not merely an error of judgment but is found where the law is "overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record." ***Freeman v. Bonner***, 761 A.2d 1193, 1194–95 (Pa.Super. 2000) (quoting ***Union Electric Corporation v. Board of Property Assessment, Appeals, &***

*Review of Allegheny County*, 746 A.2d 581, 583 (Pa. 2000) ). An appeal *nunc pro tunc* is intended as a remedy to vindicate the right to appeal where that right has been lost due to extraordinary circumstances involving fraud or its equivalent, duress, or coercion. *Union Electric Corporation*, 560 Pa. at 486, 746 A.2d at 584.

In its Opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court indicates that due to Appellants' failure to create and preserve a record, which necessarily should have included the transcription of the notes of testimony from the November 24, 2017, hearing on their petition, it was unable to conduct a proper analysis of the case to determine whether "fraud, breakdown in court operations, or 'non-negligent happenstance' may have contributed to the late filing of the appeal from the magisterial district court." Trial Court Opinion, filed 3/29/18, at 6. Pa.R.A.P. 1911 requires an appellant to request a transcript of any proceeding essential to the consideration of his or her appeal. Pa.R.A.P. 1911(a). However, our review of the certified record does not reveal a request for the November 24, 2017, hearing transcript, and no notes of testimony from that date or any other are contained therein.

"For purposes of appellate review, what is not of record does not exist." *Woskob v. Woskob*, 843 A.2d 1247, 1257 (Pa.Super. 2004), *quoting, Rosselli v. Rosselli*, 750 A.2d 355, 359 (Pa.Super. 2000), *appeal denied,* 764 A.2d 50 (Pa. 2000). "It remains the appellant's responsibility to ensure that a complete record is produced for appeal." *Kessler v. Broder*, 851 A.2d

- 5 -

944, 950 (Pa.Super. 2004) (citation omitted), *appeal denied,* 868 A.2d 1201 (Pa. 2005). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **In re Ullman**, 995 A.2d 1207, 1211-12 (Pa.Super. 2010) (internal citations omitted), *appeal denied*, 20 A.3d 489 (Pa. 2011).

When failure to ensure a complete record hampers meaningful review of an appellant's issues, dismissal of the appeal is appropriate. **See** Pa.R.A.P. 1911(d); **see also In re R.N.F.,** 52 A.3d 361, 363 (Pa.Super. 2012) (dismissing appeal from decree terminating parental rights where absence of a crucial transcript precluded meaningful appellate review); **Gorniak v. Gorniak,** 504 A.2d 1262, 1263–64 (Pa.Super. 1986) (dismissing an appeal because the appellant failed to request transcription of divorce master's hearing, precluding meaningful review). We agree with the trial court that under these circumstances, adequate appellate review is not possible, and the instant appeal should be dismissed in light of the incomplete certified record.

In addition, we note Appellants' brief is deficient in numerous respects and that deficiency serves and an alternative ground for dismissal. Appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. **Commonwealth v.**

*Adams*, 882 A.2d 496, 497 (Pa.Super. 2005) (citing Pa.R.A.P. 2101). "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Id*. at 497–98 (citation omitted). If the defects in an appellant's brief are substantial, the appeal may be quashed or dismissed. Pa.R.A.P. 2101. ***See also*** Pa.R.A.P. 2111–2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal).[1]

Appellants filed what they titled "Appellants' Opening Brief"; however, they failed to articulate therein any issues for this Court's consideration. In fact, Appellants' brief is woefully inadequate; it lacks, *inter alia*, a statement of jurisdiction, the text of the order from which Appellants purport to appeal, a statement of the scope and standard of review, a statement of the questions involved, a summary of the argument, the trial court's 1925(a) Opinion, or an

---

[1]  When considering whether the appropriate dismissal of an action should be quashal or dismissal, this Court has stated the following:

> Quashal is usually appropriate where the order below was unappealable, ***see Toll v. Toll***, 293 Pa.Super. 549, 439 A.2d 712 (1981) (court lacks jurisdiction-appeal interlocutory), the appeal was untimely, ***see Stotsenburg v. Frost***, 465 Pa. 187, 348 A.2d 418 (1975), or the Court otherwise lacked jurisdiction, ***see*** Pa.R.C.P. 1972. . . . [A]s in the instant case where the problem is numerous defects in Appellant's brief, the appropriate disposition is dismissal. ***See First Lehigh Bank v. Haviland Grille, Inc.***, 704 A.2d 135, 138 n. 2 (Pa.Super.1997) (Failure to conform with the requirements of rules of court is grounds for dismissal).

***Bronson v. Kerestes***, 40 A.3d 1253, 1255 (Pa.Super. 2012).

averment that the trial court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement. **_See_** Pa.R.A.P. 2111(a)(1), (2), (3), (4), (6), (10), (11), respectively.

Most significantly, there is no clearly delineated argument section in Appellants' brief, **_see_** Pa.R.A.P. 2111(a)(8), aside from what is titled "Erroneously Filed Matter" which is completely devoid of, among other things, any discussion and citation to supporting authority as required by Pa.R.A.P. 2119(b). **_See Commonwealth v. Hardy_**, 918 A.2d 766, 771 (Pa.Super. 2007), _appeal denied_, 596 Pa. 703, 940 A.2d 362 (2008) (stating that it is an appellant's duty when briefing issues to present arguments that are sufficiently developed with pertinent discussion, references to the record, and citations to legal authorities); **_Commonwealth v. B.D.G._**, 959 A.2d 362, 371–72 (Pa.Super. 2008) ("When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.").

Appellants' failure to comply in substantial respects with the Rules of Appellate Procedure prevents this Court from conducting meaningful appellate review. Thus, we conclude they have waived any claims on appeal. Accordingly, we dismiss this appeal.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/18