**In re C.S.M.F., a Minor.**

**Appeal of M.F. & N.F.**

Superior Court of Pennsylvania.

Argued Jan. 29, 2014.
Filed April 7, 2014.

Jennifer Zofcin, Pittsburgh, for appellant.

Margaret P. Joy, Pittsburgh, for participating party.

BEFORE: BOWES, DONOHUE, and STABILE, JJ.

OPINION BY BOWES, J.:

Appellants M.F. & N.F. are C.S.M.F.'s ("C.F.") adult half-brother and sister-in-law and appeal from the order entered in Allegheny County Court of Common Pleas Criminal Division's Miscellaneous docket that denied their application to file a private dependency petition concerning M.F.'s now seven-year-old half-sister, C.F. The child's maternal grandparents ("Grandparents"), filed a motion to quash certain issues leveled in Appellants' brief. We deny the motion to quash and reverse and remand for further proceedings in the family division.

On July 25, 2013, C.F.'s father ("Father") was arrested and charged with murdering his wife, C.F.'s mother. On the same date, Grandparents sued Father in criminal court for sole physical custody and sole legal custody of C.F., and they filed an *ex parte* petition for special relief seeking immediate custody of their granddaughter. The criminal court granted the *ex parte* petition immediately and scheduled a hearing for August 7, 2013. The matter was issued a docket number corresponding to the Allegheny County Court of Common Pleas Criminal Division's Miscellaneous docket.[1]

Appellants attended the August 7, 2013 hearing and requested that the trial court transfer the matter to Allegheny County Court of Common Pleas Family Division and sought to file a custody complaint and a private dependency petition. The trial court declined to transfer the matter to the Family Division and sustained Grandparents' preliminary objections to Appellants' custody complaint due to Appellants' conceded lack of standing under the child custody law. Moreover, the trial court dismissed the private dependency petition because Appellants failed to file a prerequisite application to file the private petition pursuant to Pa.R.J.C.P. 1320.[2] The court

---

1. Unless otherwise specified, we refer to the court presiding over this matter in the Criminal Division as the trial court.

2. Rule 1320 provides as follows:

**Application to File a Private Petition**
A. Application contents. Any person, other than the county agency, may present an application to file a private petition with the

also rejected Appellants' attempt to file the Rule 1320 application orally during the hearing. C.F. continued in Grandparents' custody pursuant to the *ex parte* emergency order.

Appellants filed the written Rule 1320 application on the same day as the hearing. The trial court scheduled a hearing on Appellants' application to file a private dependency petition for October 4, 2013. At the outset of that hearing, the trial court adopted Grandparents' position that Appellants lacked standing to file a private dependency petition because they would lack standing to participate in an ensuing dependency proceeding. In reaching its conclusion, the trial court cited case law that addressed standing to participate in an adjudication proceeding. That case law concluded that a "party" is limited to parents, legal custodians, and the person whose care and control is being challenged. *See In re L.C., II*, 900 A.2d 378 (Pa.Super.2006). As Appellants did not fit within one of the enumerated classes of individuals that have standing as a "party" to participate during the adjudication, the trial court dismissed the application prior to considering the merits of Appellants'

allegations that C.F. is dependent as the term is defined in 42 Pa.C.S. § 6302. This timely appeal followed.

Appellants raised eight issues in their concise statement of matters complained of on appeal, which they consolidated in their brief into the following three questions:

1. Can any person file a private dependency petition under the Juvenile Act?

2. Did the Criminal Division follow the proper procedures in placement of a dependent child?

3. Should the dependency and child custody proceedings have been transferred from the Criminal Division to the Family Division of the Allegheny County Court of Common Pleas?

Appellants' brief at 5.

■■■ At the outset, we address Grandparents' motion to quash. Pursuant to Pa.R.A.P. 1972, a party may petition to quash an appeal "for any ... reason appearing on the record." However, quashal generally is reserved for scenarios where the underlying order is interlocutory or untimely, or the appellate court lacks jurisdiction. In *Sahutsky v. H.H. Knoebel*

court. The application shall include the following information:

(1) the name of the person applying for a petition;

(2) the name of the alleged dependent child;

(3) the relationship of the person presenting this application to the child and to any other parties;

(4) if known, the following:

(a) the date of birth and address of the child;

(b) the name and address of the child's guardian, or the name and address of the nearest adult relative;

(c) if a child is Native American, the child's Native American history or affiliation with a tribe;

(d) a statement, including court file numbers where possible, of pending juvenile or family court proceedings and prior or

present juvenile or family court orders relating to the child;

(5) a concise statement of facts in support of the allegations for which the application for a petition has been filed;

(6) a statement that the applying person has reported the circumstances underlying this application to the county agency or a reason for not having reported the circumstances underlying the application;

(7) a verification by the person making the application that the facts set forth in the application are true and correct to the person's personal knowledge, information, or belief, and that any false statements are subject to the penalties of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities; and

(8) the signature of the person and the date of the execution of the application for a petition.

*Sons,* 566 Pa. 593, 782 A.2d 996, 1001 n. 3 (2001), our Supreme Court explained:

> Quashal is usually appropriate where the order below was unappealable, *see Toll v. Toll,* 293 Pa.Super. 549, 439 A.2d 712 (1981) (court lacks jurisdiction-appeal interlocutory), the appeal was untimely, *see Stotsenburg v. Frost,* 465 Pa. 187, 348 A.2d 418 (1975), or the Court otherwise lacked jurisdiction, *see* Pa.R.C.P. 1972.

The High Court continued that quashal would not be proper where a timely filed appeal stemmed from a final, appealable order that "the Superior Court had jurisdiction over ... and appellant [did] not articulate any other ground for quashal under Rule 1972(7)." *Id.* In contrast, the proper consequence of a procedural misstep that does not implicate finality, timeliness, or jurisdiction, is a waiver of the substantive claims that would be raised on appeal. *Id.*

■ Herein, Grandparents do not challenge the finality of the trial court's order dismissing Appellants' private petition, the timeliness of Appellants' appeal, or our jurisdiction. Instead, Grandparents level piecemeal challenges to various aspects of five issues that Appellants raised in their Rule 1925(b) statement. Those five issues relate to the trial court's: 1) refusal to consider the merits of the private petition for dependency; 2) decision to award Grandparents temporary custody based upon an *ex parte* petition; 3) failure to appoint a guardian *ad litem* for the child; 4) failure to conduct an independent investigation concerning which placement options would be in the child's best interest; and 5) putative entry of a no-contact order between C.F. and Appellants. Essentially, Grandparents contend that either the foregoing issues that Appellants asserted in the Rule 1925(b) statement were moot, or that Appellants lacked standing to assert the challenges, or that the complaint did not flow from the underlying order. As these allegations do not implicate the finality of the order, the timeliness of the appeal, or our jurisdiction, we hold that those complaints are inappropriate grounds for quashal. Instead, we address Grandparents' sundry allegations as they relate to our merits review of this appeal. *See Sahutsky, supra.* Accordingly, we deny the motion to quash the enumerated complaints individually.

■ While we reject Grandparents' motion to quash, in addressing the claims separately we observe that many of Grandparents' objections to Appellants' arguments have merit. First, since Appellants failed to appeal the trial court's July 25, 2013 custody order and the October 4, 2013 order on appeal does not implicate any issue regarding child custody, we will not address Appellants' assertions relating to the trial court's decision to grant Grandparents' *ex parte* petition for temporary custody. Second, Appellants' contention that the trial court failed to conduct an independent, predispositional investigation pursuant to 42 Pa.C.S. § 6351(a), concerning which placement options would be in the child's best interest, fails because the referenced section applies only **after** a child is found to be dependent. Instantly, not only has C.F. never been adjudicated dependent, but also, no dependency petition has been filed in this case. Hence, any of Appellants' claims assailing the trial court for failing to perform a predispositional investigation are extraordinarily premature. Finally, we observe that Appellants have abandoned their argument regarding the unidentified no-contact order between C.F. and Appellants.

■ The crux of Appellants' remaining assertions is that the trial court misapplied the Juvenile Act and the Pennsylvania Rules of Juvenile Procedure. "A challenge

to the court's interpretation and application of a statute raises a question of law." *In re A.B.*, 987 A.2d 769, 773 (Pa.Super.2009). Accordingly, our standard of review is *de novo* and our scope of review is plenary. *Id.*

Appellants argue that the trial court erred in dismissing their applications for a private dependency petition under Rule 1320 based on their lack of standing to participate in their underlying dependency petitions without reviewing the merits of their application. Grandparents counter that Appellants misinterpret the applicable legal principles and that the trial court's determination was correct.[3] For the following reasons, we find the trial court's dismissal was error, and we remand for further proceedings.

■ While the Juvenile Act, 42 Pa.C.S. § 6334, provides that any person may file a dependency petition, our Supreme Court subsequently suspended that portion of the Juvenile Act "insofar as the Act is inconsistent with Rules 1320, 1321, and 1330, which provide that the county agency may file a petition and any other person shall file an application to file a petition." *See* Pa.R.J.C.P. 1800(8). Hence, where, as here, the would-be petitioners are individuals, they must first obtain permission under Rule 1320, as stated *infra*, regarding the application to file a private dependency petition.

Rule 1320 provides that "Any person, other than the county agency, may present an application to file a private petition with the court." A Rule 1320 application must outline the identity of the applicant, the allegedly dependent child, and the child's parent or guardian, and an explanation of the relationship between the applicant and the child. It also must contain "(5) a concise statement of facts in support of the allegations for which the application for a petition has been filed [and] (6) a statement that the applying person has reported the circumstances underlying this application to the county agency or a reason for not having reported the circumstances underlying the application." *See* Pa.R.J.C.P. 1320.

After receiving the Rule 1320 application, pursuant to Pa.R.J.C.P. 1321, the juvenile court is required to hold an evidentiary hearing within two weeks to address its merits. Rule 1321 provides as follows:

**Hearing on Application for Private Petition**

**A. Hearing.** The court shall conduct a hearing within fourteen days of the presentation of the application for a petition to determine:

(1) if there are sufficient facts alleged to support a petition of dependency; and

(2) whether the person applying for the petition is a proper party to the proceedings.

**B. Findings.**

(1) If the court finds sufficient facts to support a petition of dependency, a petition may be filed pursuant to Rule 1330.

(2) If the court finds the person making the application for a petition is a proper party to the proceedings, the person shall be afforded all rights and privileges given to a party pursuant to law.

Pa.R.J.C.P. 1321.

■ The comment to Rule 1321 explains that, if the court finds sufficient facts to

---

**3.** We reject Grandparents' claim that this issue was not preserved in Appellants' Rule 1925(b) statement. The contention therein that "The trial court erred in denying Appellants' Application to File a Private Petition Regarding Dependency ... without conducting a full hearing[,]" unquestionably subsumes the arguments Appellant presents on appeal. *See* Rule 1925(b) Statement, 10/15/13, at 2.

support a dependency petition, the petition may be filed regardless of whether the applicant is a proper party. *See* Rule 1321 Cmt.[4] Conversely, if the applicant is determined to be a "proper party to the proceeding[,]" he is afforded the rights and privileges of a "party." *Id.* Hence, the reason for the inquiry concerning the status of the applicant is not to preclude non-party petitioners from filing petitions, but rather to ensure that an applicant who is a proper party is afforded the appropriate rights and privileges.

▪ Although Appellants complied with Rules 1320 and 1321 in the case *sub judice,* the trial court failed to follow the procedure outlined in the foregoing discussion. Appellants filed an application to file a private petition under Rule 1320. That petition alleged that C.F. lacked parental care and control in Grandparents' custody because, *inter alia,* Grandparents have difficulty caring for themselves and maintain a physically dangerous and unsanitary home. *See* Application to File a Private Petition Regarding Dependency, 8/7/13, at ¶5. As it relates to Rule 1320(6), Appellants asserted that they did not contact the county child service agency because C.F. had already been removed from the state. *Id.* at ¶6.

Although Appellants filed an application to file a private petition, the trial court did not schedule a hearing to consider the merits of Appellants' application within fourteen days pursuant to Rule 1321(A) and determine if it alleged sufficient facts to support a dependency petition. Instead, approximately two months after the application was filed, the trial court dismissed it at the outset of the Rule 1321

hearing. In precluding Appellants from introducing any evidence to support their claim during the hearing, the trial court reasoned, "The issue is whether or not [Appellants] are proper parties; not whether or not the claims that [Appellants] made in [their] application are true. You never get to that point if you are not a party." N.T., 10/4/13, at 10.

The trial court's reasoning is flawed because it prioritizes the wrong feature of Rule 1321(A)'s two-part analysis. In dismissing the application due to Appellants' presumed lack of standing as a party in the dependency proceedings, the trial court elevated that relatively inconsequential fact above the critical issue concerning whether C.F. is a dependent child as the term is defined in 42 Pa.C.S. § 6302. Considering the dual purpose of the Rule 1321(A) hearing and the specific comment that, if warranted, a dependency petition may proceed regardless of whether the applicant could be deemed to be a party to the ensuing dependency proceedings, the summary dismissal was legal error. Thus, we vacate the order dismissing Appellants' application to file a private petition and we remand for further proceedings consistent with Rule 1321.

Since we remand the matter for further proceedings, we do not formally address whether Appellants are proper parties to the proceedings or confront the merits of Appellants' contention that C.F. is a dependent child. Those issues are for the trial court to determine in the first instance following an evidentiary hearing. Additionally, we leave it for the trial court, upon remand, to determine whether to appoint a guardian *ad litem* during the pre-

---

4. The comment to Rule 1321 provides,
   Under paragraph (A), at a hearing, the court is to determine if: (1) there are sufficient facts alleged to support a petition of dependency; and (2) the applying person is a proper party to the proceedings. A petition of dependency may go forward whether or not the applying person is determined to be a party to the proceedings.

adjudicatory Rule 1321 proceeding.[5] Nevertheless, we must determine whether the criminal division of the common pleas court is the proper setting for the pre-adjudicatory proceedings. For the following reasons, we conclude that it is not, and we direct the trial court to transfer the matter to the family division.

■ Generally, each division of the court of common pleas is vested with the full jurisdiction of the whole court. *See* 42 Pa.C.S. § 952. The statute discussing the status of common pleas courts of two or more divisions provides as follows:

### § 952. Status of court divisions

The divisions of a court of common pleas are administrative units composed of those judges of the court responsible for the transaction of specified classes of the business of the court. In a court of common pleas having two or more divisions each division of the court is vested with the full jurisdiction of the whole court, but the business of the court may be allocated among the divisions of the court by or pursuant to general rules.

42 Pa.C.S. § 952. Thus, at first glance, the trial court sitting in the criminal division would appear to have jurisdiction to preside over a dependency-related matter even if not the ideal forum.[6]

■ However, for the reasons that follow, we find that the trial court's jurisdiction over this matter is restricted to transferring the case to the family division to resolve Appellants' application to file a private dependency petition. In *Commonwealth v. Johnson*, 542 Pa. 568, 669 A.2d 315 (1995) ("*Johnson II*"), our Supreme Court criticized our suggestion in *Commonwealth v. Johnson*, 435 Pa.Super. 132, 645 A.2d 234, 242 (1994) (*en banc*), that § 952 accords divisions of the common pleas court jurisdiction to hear any matter that could be brought in the court of common pleas as a whole. In contrast to our perspective, the High Court interpreted that section as limiting the jurisdiction of the inapt division to transferring the matter to the proper division.

*Johnson* involved the Commonwealth's post-adjudication appeal of a criminal division order transferring a case from the criminal division to the juvenile division of the court of common pleas. Due to the procedural posture of the case, as a preliminary matter, this Court was required

---

**5.** The appointment of a guardian *ad litem* is not required at pre-adjudicatory proceedings. The Pennsylvania Rules of Juvenile Procedure prescribe that "The court shall assign a guardian *ad litem* to represent the legal interest and the best interest of a child if a proceeding has been commenced pursuant to Rule 1200 alleging the child to be a dependent[.]" Pa.R.J.C.P. 1151. Concomitantly, the rules define "Proceeding" as "any stage in the dependency process occurring **once** a shelter care application has been submitted or a petition has been filed." Pa.R.J.C.P. 1120 (emphasis added); *see also* Pa.R.J.C.P. 1200 (delineating six activities that trigger commencement of dependency proceeding). As Appellants' application to file a private dependency petition is not tantamount to the filing of a petition, a shelter care hearing, or any of the six activities listed in Rule 1200 that trigger the commencement of a proceeding, the appointment of a guardian *ad litem* is discretionary.

**6.** The Juvenile Act does not restrict jurisdiction over dependency matters to juvenile courts. *See Commonwealth v. Johnson*, 435 Pa.Super. 132, 645 A.2d 234, 242 (1994) (*en banc*) ("neither our state Constitution nor our statutes create a separate 'juvenile court' with separate subject matter jurisdiction."). Indeed, the juvenile act defines "court" broadly as "The court of common pleas." 42 Pa.C.S. § 6302. Moreover, a legislative comment to the "Title and Purpose" section of the Juvenile Act explains that the legislative body declined the more common designation "Juvenile Court Act" because of the consolidation of original jurisdiction among the several courts of common pleas.

to "examine the definition of 'jurisdiction' as it applies to juvenile transfer orders." *Id.* at 236. In addressing that issue, we reviewed applicable case law and included a footnote reiterating this Court's prior interpretation in *Hollman v. Hollman,* 347 Pa.Super. 289, 500 A.2d 837 (1985) (*en banc* ), of the Supreme Court's perspective of interdivisional jurisdiction. Quoting a portion of the High Court's opinion in *Posner v. Sheridan,* 451 Pa. 51, 299 A.2d 309 (1973), we stated in *Johnson,* "the issue of whether a case is commenced in the proper division of a court of common pleas 'is not one of jurisdiction, but one of common pleas court administration.' " *Johnson, supra* at 242 n. 10. Hence, we reasoned that any division of a court of common pleas could exercise the jurisdiction of the entire court.

In subsequently faulting our rationale, the Supreme Court explained,

> The [Superior C]ourt appears to treat a statement made in the opening paragraph of the *Posner* opinion as part of this Court's holding. In this paragraph, this Court stated that "[t]he question that this case presents is not one of jurisdiction but of internal common pleas court administration." *Id.* at 55, 299 A.2d at 311. However, reliance on *Posner* for this proposition seems to ignore the fact that this Court ultimately vacated the decree, stating that "the issue was improperly entertained in the family court division, and, more importantly, that court's decree was incorrect as a matter of law." *Id.* at 57, 299 A.2d at 312. . . . Moreover, this court went on to note that the case at bar fell within the jurisdiction of the civil division. *Id.* at 59 n. 7, 299 A.2d at 313 n. 7[.]

If we were to follow the Superior Court's interpretation, we could encounter some rather absurd results. For example, an adult erroneously believed to be a juvenile could have his case heard by the juvenile division. Obviously, the court would follow its own procedures and minimal set of rules. It would make its final determination and dispose of the case using the limited methods of rehabilitation available. This adjudication would, nonetheless, be binding and would preclude proper prosecution in the criminal division, due to the double jeopardy protections.

In light of this Court's actual holding in *Posner* and **the practical differences between the juvenile and criminal divisions, a more reasonable reading of section 952 would give every division of the court of common pleas the jurisdiction to transfer any case properly heard in the court of common pleas to the proper division having subject matter jurisdiction over that particular matter.** This would also take into account the fact that the power and authority of the court of common pleas is defined and limited by legislation.[10] Clearly, the Juvenile Act is the type of legislation which exemplifies the legislature's desire to vest limited and exclusive jurisdiction in one division of the court of common pleas, in order to meet the special needs of our youth.

---

[10] Article V, Section 5 of the Constitution of Pennsylvania provides:

> There shall be one court of common pleas for each judicial district (a) having such divisions and such number of judges as shall be provided by law, one of whom shall be president judge; and (b) having original unlimited jurisdiction in all cases except as may be provided by law.

Pa. Const. art. V, § 5.

*Johnson II, supra* at 320 (emphases deleted from original and current emphasis added).

Thus, notwithstanding the fact that the trial court sitting in the criminal division has general jurisdiction over this matter pursuant to § 952, in light of the Supreme Court's unequivocal interpretation of § 952 in *Johnson II*, we conclude that the trial court does not have the authority to address subject matters that are more appropriately decided in the juvenile court. Accordingly, consistent with the guidance the High Court provided in *Johnson II*, we direct the trial court to transfer[7] this case to "the proper division having subject matter jurisdiction over that particular matter[,]" *id.* at 320, *i.e.*, the family division, for further proceedings consistent with this opinion.

Motion to quash denied. Order reversed. Case remanded for further proceedings in the family division. Jurisdiction relinquished.

7.  42 Pa.C.S. § 5103(c) provides the statutory authority for courts to complete interdivisional transfers. That section states,

    If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.