J-S04004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TONY LEE MUTSCHLER, | |
| Appellant | No. 780 MDA 2014 |

Appeal from the PCRA Order January 29, 2014
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000948-1998, CP-49-CR-0000949-1998, CP-49-CR-0000950-1998

BEFORE:  BOWES, ALLEN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY BOWES, J.:          **FILED FEBRUARY 06, 2015**

Tony Lee Mutschler appeals from the January 29, 2014 order denying PCRA relief.  We affirm.

Three criminal action docket numbers are at issue in this appeal.  All three concern crimes that occurred on March 8, 1998, in Allentown.  At criminal action number 948-1998, Appellant was charged with burglary, conspiracy, attempted theft, and corruption of the morals of a minor after Grace Lutheran Church in Allentown was forcibly entered and the office was ransacked during a search for cash.  At 949-1998, Appellant was charged with burglary, conspiracy, attempted theft, and corruption of the morals of a minor in connection with a break-in at A-1 Mini Storage.  That

_____

[*] Retired Senior Judge assigned to the Superior Court.

establishment's door was pried open, and the office was ransacked in an unsuccessful attempt to find money. At criminal action 950-1998, Appellant was charged with burglary, conspiracy, trespass, theft, criminal mischief, receiving stolen property, and corruption of the morals of a minor. Funn-Tastic Pool and Spa in Allentown was forcibly entered and $5,000 in cash was removed from a locked box. Appellant's fourteen-year-old-brother admitted to police that he committed all three burglaries with Appellant. Appellant was interviewed and also admitted to the crimes.

On May 28, 1999, Appellant entered a guilty plea at the three action numbers, and he was sentenced on July 27, 1999, to consecutive terms of five to ten years incarceration at 948-1998 and 949-1998. He received a consecutive probationary term of ten years at 950-1998. Appellant filed a timely PCRA petition on August 15, 2000. Counsel was appointed, and counsel filed an amended petition averring that the May 28, 1999 guilty plea was unknowing and involuntary for various reasons, including that Appellant was not mentally competent to enter it. After a hearing,[1] the petition was denied on May 15, 2001. Appellant did not appeal.

Appellant filed a second, *pro se* PCRA petition on April 9, 2013. After the court issued notice of its intent to deny that petition without a hearing, it was denied on January 29, 2014. That order contains the following

---

[1] Although the hearing was not transcribed, the docket sets forth that one was held.

statement: "The Defendant is hereby advised of his right to file an appeal within thirty (30) days of the entry of this Order." Order of Court, 1/29/14, at 1. On March 18, 2014, Appellant filed with this Court a petition to appeal *nunc pro tunc,* a petition to file original process, a petition for writ of prohibition, and a petition for writ of mandamus and/or extraordinary relief. On April 4, 2014, we denied all his requests for relief. We also stated that denial of his petition to appeal *nunc pro tunc* was without prejudice to Appellant's right to seek reinstatement of his appellate rights in the trial court.

On May 5, 2014, Appellant filed a "Notice of Appeal and Request for Transcripts" in the trial court. On May 15, 2014, Appellant was directed to file a Pa.R.A.P. 1925(b) statement within twenty-one days. Appellant's statement of matters to be raised on appeal was filed on June 6, 2014, but indicates that it was signed and mailed from his prison on May 26, 2014, within the twenty-one day time frame. The trial court concluded that the statement was untimely, and all issues were waived for purposes of this appeal. The Commonwealth asserts the same position in its appellate brief. However, since the Pa.R.A.P. 1925(b) statement appears to have been mailed from jail within twenty-one days from when it was ordered, we will consider the statement timely under the prisoner mailbox rule. Pa.R.A.P. 121(a) ("A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced

by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities.").

Since it implicates our jurisdiction to act, the first question we address is whether this appeal is timely. ***See In re C.S.M.F.***, 89 A.3d 670 (Pa.Super. 2014) (Superior Court lacks jurisdiction over an untimely appeal.). An appeal must be filed within thirty days of entry of the order from which the appeal is filed. Pa.R.A.P. 903(a) (A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken."). The March 18, 2014 petition filed in this Court by Appellant indicated that it was mailed from prison on February 25, 2014, which would render it a timely notice of appeal from the January 29, 2014 order under the prisoner mailbox rule. If that petition had been considered as a notice of appeal, this Court should have transferred that document to the trial court for processing under 42 Pa.C.S. § 5103(a), which states in pertinent part,

> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.

***Accord*** Pa.R.A.P. 751(a) ("If an appeal or other matter is taken to or brought in a court . . . which does not have jurisdiction of the appeal or

- 4 -

other matter, the court . . . shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.")

Alternatively, we indicated in our April 4, 2014 order denying the March 18, 2014 request to file a *nunc pro tunc* appeal that Appellant could petition the trial court for reinstatement of his appellate rights from the January 29, 2014 denial of Appellant's second PCRA petition. Although Appellant filed a document that was titled a notice of appeal rather than a request for permission to appeal, the trial court appears to have granted Appellant the right to appeal *nunc pro tunc* since it ordered a Pa.R.A.P. 1925(b) statement. Neither the trial court nor the Commonwealth contests the timeliness of this appeal. Thus, the trial court's actions and statements can be construed as granting Appellant reinstatement of his appellate rights from the January 29, 2014 order.

Under either scenario, we consider this appeal as timely filed. We now encounter a second issue, which pertains to the timeliness of Appellant's April 9, 2013 PCRA petition. If the petition is untimely, we lack jurisdiction over this matter for a different reason. ***Commonwealth v. Callahan***, 101 A.3d 118 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA). The timeliness of a PCRA petition, being jurisdictional in nature, is raised *sua sponte* by this Court. ***Id***. "A PCRA petition is timely if it is 'filed

- 5 -

within one year of the date the judgment of sentence becomes final.'" **Id**. at 121 (quoting 42 Pa.C.S. § 9545(b)(1)). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id**. at 122 (quoting 42 Pa.C.S. § 9545(b)(3)).

Herein, Appellant's judgment of sentence was imposed on July 27, 1999, and, since he did not file a direct appeal, his sentence became final on August 26, 1999. He had until August 26, 2000, to file a timely petition and his April 9, 2013 petition is patently untimely. Our review of his April 9, 2013 petition uncovered no discernible position that his petition was timely under one of the three exceptions to the one-year time bar. Hence, PCRA relief properly was denied. **Callahan**, **supra** at 123 (since defendant "failed to plead and prove the applicability of any of the PCRA's three statutory exceptions to the timeliness requirement," the PCRA court properly denied relief.).

In his appellate brief, Appellant invokes the governmental interference exception. 42 Pa.C.S. § 9545(b)(1)(i) ("Any petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that . . . the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim . . . ."). Appellant suggests that he was told by the plea court that it did not want to see Appellant again.

Appellant's brief at 19. While Appellant suggests that this statement prevented him from seeking further relief, the record irrefutably establishes the contrary. With the assistance of court-appointed counsel, Appellant litigated a PCRA petition in 2000. No governmental official interfered with his ability to raise the issues presented in the 2013 petition during the 2000 proceeding. 42 Pa.C.S. § 9545(b)(4) ("For purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or retained.").

Appellant also raises averments of prior counsel's ineffectiveness, Appellant's brief at 22-24, but it is well established that "[a]llegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa.Super. 2007). As the 2013 petition was untimely, relief was properly denied.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2015