J-S09017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS A. DAVIS, | |
| Appellant | No. 1007 WDA 2014 |

Appeal from the Judgment of Sentence January 14, 1992
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0000184-1991, CP-02-CR-0004098-1989, CP-02-CR-0004099-1989, CP-02-CR-0004606-1989

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

JUDGMENT ORDER BY BOWES, J.:               **FILED FEBRUARY 10, 2015**

Thomas A. Davis purports to appeal from a judgment of sentence imposed in these four cases on January 14, 1992.  We quash.

Appellant was convicted of at least one count of robbery at actions numbers 1098 of 1989, 4099 of 1989, 4606 of 1989, and 184 of 1991. Sentence was imposed at each matter on January 14, 1992.  Neither the facts of the crimes nor the sentence is pertinent to proper disposition of this appeal.  Our review of the four dockets establishes that, on January 31, 1995, Appellant filed a PCRA petition in each case, and he was appointed counsel for purposes of pursuing the 1995 PCRA petitions. Relief was denied on the 1995 petitions.  Appellant thereafter filed such a plethora of petitions for post-conviction relief in these four cases that the requests are incapable of being quantified.  Some of the denials of relief were appealed, and we

ruled that the PCRA petitions at issue were untimely filed. ***Commonwealth v. Davis***, 905 A.2d 1041 (Pa.Super. 2006) (unpublished judgment order); ***Commonwealth v. Davis***, 864 A.2d 576 (Pa.Super. 2004) (unpublished judgment order).

On May 15, 2014, Appellant filed a *pro se* "Motion for Leave to Modify/Rescind Sentences Procured by Fraud."  While the court did not dispose of this motion and it remains pending, the court sent notice of its intent to dismiss it without a hearing. Pa.R.Crim.P. 907. On June 23, 2014, Appellant filed the present *pro se* notice of appeal.  The notice indicated that that it is from the judgment of sentence imposed on January 14, 1992. Appellant asserts, "The sentencing court abused its discretion for engaging in sentencing fraud upon the court."  Appellant's brief at i, 6.

Since it implicates our jurisdiction to act, the first question we address is whether this appeal is timely.  ***See In re C.S.M.F.***, 89 A.3d 670 (Pa.Super. 2014) (Superior Court lacks jurisdiction over an untimely appeal.).  An appeal must be filed within thirty days of entry of the order from which the appeal is filed.  Pa.R.A.P. 903(a) (A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken.").  Appellant's June 23, 2014 notice of appeal as to his January 4, 1992 sentence is untimely.  Therefore, we quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2015