J-A11037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PAULA LUCKRING | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHRISTOPHER BLAIR | |
| Appellee | No. 2390 EDA 2014 |

Appeal from the Order Entered on March 14, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No.: 11-53896

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:  **FILED JUNE 16, 2015**

Paula Luckring appeals from the trial court's March 14, 2014 order enforcing the parties' settlement agreement and release.[1]  Because we conclude that her appeal was untimely filed, we quash.

The trial court set forth the following recitation of the facts and procedural history of this case:

> [Luckring] has appealed from [the trial c]ourt's Settlement Enforcement Order of March 14, 2014 granting relief to both herself and . . . Christopher Blair, in this action alleging that borderline trees owned by [Blair] encroached upon and caused damage to [Luckring's] adjacent real property.  The parties

---

[1]    Luckring purports to appeal from the praecipe for judgment she filed on August 7, 2014.  For the reasons discussed below, we have amended the caption to reflect that the appeal properly lies from the order of March 14, 2014.

> settled the case pre-trial by executing and stipulating to a Settlement Agreement and Release that called for [Blair] to grant title to [Luckring], free of charge, to an eleven foot strip of his own land and to build, at his own expense, a fence marking the new boundary line between their respective parcels. Nevertheless, the parties were back in court a year later seeking to resolve the predictable drama ensuing from [Luckring's] abject and literal refusal to allow the fence company to set foot on her newly acquired property in order to erect the structure. The contractor then built the fence thirteen inches inside [Blair's] side of the new property line in order to appease [Luckring] in that regard. Adding further insult to injury to [Blair, who suffers] from severe Parkinson's Disease, [Luckring] complained that such work must be accomplished without setting foot on her land when [Blair] attempted to clear his property on [Luckring's] side of the fence of tall grass and weeds. [Luckring] has since insisted that she would do so herself if granted an easement to that additional piece of [Blair's] property.

Trial Court Opinion ("T.C.O."), 12/5/2014, at 1.

On September 4, 2013, Blair filed a petition to enforce the settlement, bringing the above allegations about Luckring's refusal to comply with the fencing requirements to the court's attention. On September 24, 2013, Luckring responded to the petition with a new matter, alleging that the conveyance was burdened by a mortgage despite the terms of the settlement, and requesting that she be granted a recorded easement to the additional thirteen inches of property on her side of the fence. Blair filed his answer to Luckring on January 9, 2014, denying her claim. A hearing was conducted on January 27, 2014. On February 21, 2014, the trial court issued its findings of fact and conclusions of law.

On March 14, 2014, the court filed a settlement enforcement order, which found, as follows:

      1.    [Luckring] breached the provisions of the parties' Settlement Agreement that required her: (a) not to oppose in any manner the erection of the fence installed by [Blair] parallel to the subject property line and to waive any and all objections thereto, and (b) to reasonably cooperate with [Blair] in good faith in order to effectuate the intent and purposes of their Agreement. Therefore, [Luckring] is ORDERED, at her own expense, to remove the existing fence from its present location and to replace it upon the denoted property line of the parcel conveyed by [Blair] to [Luckring] by Deed, so as to create an impenetrable demarcation between the two properties in question, within 60 days from the date of notice of this Order or risk the imposition of additional sanctions upon [Blair's] application to the [c]ourt.

      2.    [Blair] breached his obligation, set forth in Paragraph 1 of the parties' Settlement Agreement and Release, to timely convey [*sic*] a good, marketable and insurable title to the subject eleven foot strip of property deeded by [Blair] to [Luckring] for nominal consideration.

Order, 3/14/2014, at 1-2 (record citations omitted).

On March 24, 2014, Luckring filed a post-trial motion challenging the trial court's factual findings. Blair responded on April 7, 2014, alleging that post-trial motions were inappropriate pursuant to Pa.R.C.P. 227.1. The trial court denied Luckring's post-trial motion on May 6, 2014. Three months later, on August 7, 2014, Luckring filed a praecipe for entry of judgment and attached the court's March 14, 2014 settlement enforcement order. Thereafter, on August 12, 2014, Luckring filed a notice of appeal to the Superior Court.

On August 26, 2014, the trial court ordered Luckring to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Luckring filed a Pa.R.A.P. 1925(b) statement on September 8, 2014. The trial court entered its Pa.R.A.P. 1925(a) opinion on December 5, 2014.

On September 9, 2014, this Court, in a *per curiam* order, issued a rule to show cause as to why the appeal should not be quashed as untimely filed. Luckring timely responded on September 17, 2014. This Court discharged the rule on September 24, 2014, deferring the issue to this panel.

Luckring raises four questions for our review:

1. Is Luckring's appeal timely?

2. Did the trial [c]ourt err in holding that Luckring "opposed" the erection of the fence by Blair and so breached the terms of ¶ 3 of the Settlement Agreement?

3. Did the trial [c]ourt err in holding that Luckring did not "reasonably cooperate" with Blair in order to effectuate the intent and purposes of the Settlement Agreement and so breached ¶ 5(i) of the Settlement Agreement?

4. Did the trial [c]ourt have the authority to order Luckring to move Blair's fence at her expense to the property line?

Luckring's Brief at 6.

In her first issue, Luckring challenges the trial court's assertion that her appeal must be quashed as untimely. She contends that her appeal was timely filed within thirty days of the August 7, 2014 praecipe for entry of judgment "[f]or the reasons more fully set forth in Luckring's response to the Order to Show Cause." *Id.* at 17. We disagree.

Preliminarily, we disapprove of Luckring's failure to argue fully her issue in her appellate brief, instead attempting to incorporate by reference the analysis she proffered in her September 17, 2014 response to the Rule to Show Cause. *Id.* It is well-settled that "[w]hen an appellant attempts to incorporate by reference issues addressed elsewhere and fails to argue them

in [her] brief, the issues are waived." ***Moses Taylor Hosp. v. White***, 799 A.2d 802, 804 (Pa. Super. 2002); ***see also Commonwealth v. Rodgers***, 605 A.2d 1228, 1239 (Pa. Super. 1992) ("[A]n appellate brief is simply not an appropriate vehicle for the incorporation by reference of matter[s] appearing in previously filed legal documents[.]"). Nonetheless, because the timeliness of Luckring's appeal triggers our jurisdiction to examine its merits, we must proceed.[2]

"Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***In the Interest of R.Y.***, 957 A.2d 780, 783 (Pa. Super. 2008). "In this Commonwealth, there are few legal principles as well settled as that an appeal lies only from a final order, unless otherwise permitted by rule or by statute." ***Slusser v. Laputka, Bayless, Ecker & Cohn, P.C.***, 9 A.3d 1200, 1205 (Pa. Super. 2010).

> Subject to exceptions "an appeal may be taken of right from any final order of an administrative agency or lower court." Pa.R.A.P. 341(a). A final order is an order that disposes of all claims and of all parties, or is expressly defined as a final order by statute or by the ordering court. Pa.R.A.P. 341(b).

***Friia v. Friia***, 780 A.2d 664, 667 (Pa. Super. 2001); ***see also*** Pa.R.A.P. 903 ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken.").

---

[2] "The appealability of an order is a question of jurisdiction and may be raised *sua sponte*." ***Bolmgren v. State Farm Fire and Cas. Co.***, 758 A.2d 689, 690 (Pa. Super. 2000).

Here, Luckring contends that she was required to file post-trial motions to preserve her issues for appeal, and thus her appeal was timely filed after she filed a praecipe for entry of judgment on August 7, 2014. **See** Luckring's Response to Rule to Show Cause, 9/17/2014, at 3-5. Conversely, Blair asserts that post-trial motions were unnecessary, and in fact, should not have been permitted. Blair's Brief at 5-7. Thus, the final order from which the parties properly should have appealed is the March 14, 2014 settlement enforcement order, and Luckring's August 12, 2014 notice of appeal is patently untimely.

In **Bennett v. Juzelenos**, 791 A.2d 403, 405-06 (Pa. Super. 2002), a panel of this Court considered whether a party was required to file post-trial motions from an order enforcing a settlement agreement:

> Before reaching the merits of Appellants' issues, we must address the Bennetts' claim that the issues were not preserved for appellate review. This appeal follows a hearing on the pre-trial petition of the Bennetts to enforce a settlement agreement which they believe was reached with Appellants. Following conclusion of the hearing, the Chancellor entered a final order, finding the settlement agreement was enforceable and directing the parties to effectuate it. Appellants did not file any post-trial motions following entry of the court's order. In the case of a nonjury trial, an appellant ordinarily must file post-trial motions pursuant to Pa.R.C.P. 227.1(c)(2), in order to preserve issues for appellate review[.] **See Lane Enterprises v. L.B. Foster Co.**, 710 A.2d 54 (Pa. 1998) (if an issue has not been raised in a post-trial motion as required by Pa.R.C.P. 227.1 it is waived for appellate purposes); **but see Chalkey v. Roush**, 757 A.2d 972, 976 (Pa. Super. 2000) (*en banc*), *appeal granted*, 785 A.2d 86 (Pa. 2001) (under certain exceptional circumstances, such as when an equity court enters a final order rather than a decree *nisi* to which exceptions may be filed, an appellant does not waive issues by failing to file post-trial motions).

Nevertheless, Appellants have not waived their claims for appellate review. Although the parties and the Chancellor appear to treat this matter as an appeal following an equity trial, such is clearly not the case. The merits of the Bennetts' underlying action to reform the parties' deeds and Appellants' counterclaim in trespass were never addressed. Rather, only the petition to enforce the settlement was addressed at the hearing and in the court's order and opinion.

The Note to Pa.R.C.P. 227.1(c)(2) provides in pertinent part: "A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial." (*citing* **U.S. National Bank in Johnstown v. Johnson**, 487 A.2d 809 (Pa. 1985)). Further, "a motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice." Pa.R.C.P. 227.1(c)(2); **note Porreco v. Maleno Developers, Inc.**, 761 A.2d 629, 632 (Pa. Cmwlth. 2000).

Our Supreme Court held in **Coco Brothers, Inc. v. Board of Public Education of the School District of Pittsburgh**, 608 A.2d 1035 (Pa. 1992), that post-trial motions were not required, or even permissible, from a trial court's order disposing of a petition to enforce a judgment. The Supreme Court held that the proceedings to enforce a judgment were clearly within the type of procedures described in the Note to Rule 227.1(c)(2). Similarly, we held in **Kramer v. Schaeffer**, 751 A.2d 241 (Pa. Super. 2000), that no post-trial motions were required from a trial court's decision on a motion to enforce a settlement. Although the trial court conducted a lengthy evidentiary hearing in **Kramer**, we concluded that the proceedings were not the type from which post-trial motions are required. **Kramer**, 751 A.2d at 244. Finally, in a case of nearly identical procedural posture to that before us, our Commonwealth Court held that an appeal shall not be "quashed" for failure to file post-trial motions from an order enforcing a settlement agreement. **Porreco**, 761 A.2d at 632. Accordingly, we find that Appellants have not waived any of their claims for failing to file post-trial motions in accordance with Pa.R.C.P. 227.1, because such motions are not permitted from an order granting a petition to enforce a settlement agreement.

791 A.2d at 405-06 (Pa. Super. 2002).

Here, as in **Kramer**, the trial court engaged the parties in an evidentiary hearing before issuing its March 14, 2014 order to enforce the original March 11, 2013 settlement order.   Nonetheless, as **Bennet** demonstrates, a hearing on the matter of a petition to enforce a settlement is not a trial from which post-trial motions are required to preserve issues for appeal.   **Bennet**, 791 A.2d at 406.

In the instant case, Luckring was not required—and in fact, should not have been permitted—to file post-trial motions.  **Id.**  Accordingly, the final order from which Luckring's appeal properly lies is the March 14, 2014 order enforcing the prior settlement.  **See Kramer**, 751 A.2d at 244-45 (holding that enforcement of a post-verdict settlement is a final order appealable to this Court pursuant to Pa.R.A.P. 341).  Thus, Luckring's notice of appeal should have been filed within thirty days of the date that order was filed, or by Monday, April 15, 2014.  **See** Pa.R.A.P. 903.  Luckring's notice of appeal, filed August 12, 2014, is patently untimely.

Moreover, any error committed by the trial court in entertaining Luckring's post-trial motions after the final order of March 14, 2014, would be deemed harmless in light of Luckring's untimely appeal.  Relief "is not warranted merely because some irregularity occurred during the trial or another trial judge would have ruled differently; the moving party must demonstrate to the trial court that he or she has suffered prejudice from the mistake."  **Rettger v. UPMC Shadyside**, 991 A.2d 915, 924 (Pa. Super. 2010).  Here, the trial court dismissed Luckring's post-trial motions on May

6, 2014. A timely appeal from that order would have to have been filed by June 5, 2014. **See** Pa.R.A.P. 903. Again, in light of Luckring's failure to file a notice of appeal until August 12, 2014, she cannot demonstrate that she was prejudiced by believing, correctly or incorrectly, that she was required to file post-sentence motions following the trial court's order enforcing the settlement agreement. **See Rettger**, 991 A.2d at 924.

It is well-settled that "[q]uashal is usually appropriate where the order below was unappealable, **see Toll v. Toll**, 439 A.2d 712 (Pa. Super. 1981) (court lacks jurisdiction—appeal interlocutory), the appeal was untimely, **see Stotsenburg v. Frost**, 348 A.2d 418 (Pa. 1975), or the Court otherwise lacked jurisdiction, **see** Pa.R.A.P. 1972." **In re C.S.M.F.**, 89 A.3d 670, 674 (Pa. Super. 2014) (citations modified). Therefore, because Luckring's notice of appeal was filed patently untimely, we lack jurisdiction to determine its merits and must quash the appeal.[3]

Appeal quashed.

---

[3] Because we quash the appeal on the basis of Luckring's first issue, we will not address her remaining issues. **See** Luckring's Brief at 18-34.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/16/2015</u>