J-S21010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIGUEL MILLAN | |
| Appellant | No. 1697 EDA 2018 |

Appeal from the Judgment of Sentence imposed November 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0015472-2009;
CP-51-CR-0014355-2010

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 31, 2019**

Appellant, Miguel Millan, appeals from the judgment of sentence the Court of Common Pleas of Philadelphia County imposed on November 21, 2014. Appellant challenges the discretionary aspects of his sentence. Upon review, we quash the instant appeal.

The factual and procedural background of the instant appeal is not at issue here. Briefly, on November 21, 2014, the trial court found Appellant to be in violation of his probation at dockets 14355-2010 and 2419-2013. *See* Trial Court Opinion, 8/17/18, at 1-4. Accordingly, on the same day, following a hearing, the trial court sentenced Appellant to 5 to 10 years' imprisonment at docket 14355-2010, followed by 10 years' probation at docket 2419-2013. *Id.*

Appellant filed a notice of appeal, challenging the sentence imposed on November 21, 2014,[1] and listing two trial court dockets: 14355-2010 and 15472-2009.[2] This appeal followed.

Before we can entertain the merits of the instant appeal, we must address the fact that Appellant filed a single notice of appeal with issues relating to two different docket numbers. "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule341(a) . . . ." ***Commonwealth v. Walker***, 185. A3d 969, 976 (Pa. 2018). Relevant to cases subsequent to the publication of ***Walker*** (June 1, 2018), Rule 341(a) requires that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. Failure to do so results in quashal of the appeal. ***See id.*** at 977.

Here, on June 11, 2018, Appellant filed one notice of appeal involving two dockets. On July 27, 2018, we issued a rule to show cause why the appeal should not be quashed under ***Walker***. In response to the rule to show cause,

---

[1] After the imposition of sentence on November 21, 2014, Appellant filed a motion for reconsideration, which the trial court denied on December 30, 2014. No direct appeal was taken.

On February 20, 2018, Appellant filed a PCRA petition, seeking reinstatement *nunc pro tunc* of his appellate rights. The PCRA court granted the relief sought on June 4, 2018. Appellant promptly filed his appeal on June 11, 2018.

[2] At docket number 15472-2009, following a violation of probation hearing, on June 25, 2014, the trial court sentenced Appellant to, *inter alia*, 1 to 2 years' incarceration, plus 5 years' consecutive probation.

Appellant argued that he challenged the imposition of the term of imprisonment (5 years) imposed at case 14355-2010. Accordingly, Appellant requested that we allow the appeal to proceed with regard to case 14355-2010. Additionally, Appellant requested to quash the appeal at case 15472-2009 because no sentence was imposed on November 21, 2014 at that docket.

While Appellant may have mistakenly identified one of the dockets listed in his notice of appeal, his error does not affect the outcome of the instant matter. **Walker**'s mandate is clear.[3] Because the November 21, 2014

---

[3] As noted, when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed for each docket involved. "The failure to do so [results] in quashal of the appeal." **Walker**, 185 A.3d 969. Under **Walker**, therefore, there are no exceptions to the rule and failure to comply with the rule results in quashal. The use of the word "quashal" as opposed to other potentially less drastic consequences leads us to believe that, under **Walker**, the error is of a jurisdictional nature, such that it affects our jurisdiction to entertain the appeal. "[Q]uashal generally is reserved for scenarios where the underlying order is interlocutory or untimely, or the appellate court lacks jurisdiction." **In re C.S.M.F.**, 89 A.3d 670, 673 (Pa. Super. 2014). We also noted:

> In **Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996, 1001 n.3 (Pa. 2001), our Supreme Court explained:
>
>> Quashal is usually appropriate where the order below was unappealable, **see Toll v. Toll**, 293 Pa.Super. 549, 439 A.2d 712 (1981) (court lacks jurisdiction-appeal interlocutory), the appeal was untimely, **see Stotsenburg v. Frost**, 465 Pa. 187, 348 A.2d 418 (1975), or the Court otherwise lacked jurisdiction, **see** Pa.R.C.P. 1972.

**In re C.S.M.F.**, 89 A.3d at 673-74.

sentencing order resolves issues arising from two dockets, Appellant was required to file two notices of appeal. Because Appellant failed to do so, we are constrained to quash the instant appeal.

Appeal quashed. Jurisdiction relinquished.

Judge Murray joins this memorandum.

President Judge Emeritus Ford Elliott notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/19

---

The High Court continued that quashal would not be proper where a timely filed appeal stemmed from a final, appealable order that "the Superior Court had jurisdiction over ... and appellant [did] not articulate any other ground for quashal under Rule 1972(7)." Id. In contrast, the proper consequence of a procedural misstep that does not implicate finality, timeliness, or jurisdiction, is a waiver of the substantive claims that would be raised on appeal.

Id. at 674.